SAMUEL FRY *et al.* v. DANIEL A. FRY, *by his Guardian, etc.*

No. 7925.

WITNESS—*Competency—Transactions with Decedent.* The fact that one of the parties to an action cannot testify in regard to a conversation which he had with a deceased person does not preclude third persons who heard the conversation from giving testimony as to the same in behalf of the other party. Such witnesses may be required to give the entire conversation, or so much thereof as has a bearing upon the issue in the case.

*Error from Sedgwick District Court.*

ACTION by Daniel A. Fry, by his guardian, and others, against Samuel Fry and others, to recover certain land. Judgment for plaintiffs. Defendants bring the case here. The opinion, filed January 11, 1896, states the facts.

*W. E. Stanley,* for plaintiffs in error.

*Wall & Brooks,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J : This action was brought by Daniel A. Fry, a minor, by his guardian, H. F. Rhodes, and his mother, Louisa Schwerdfager, as heirs at law of Albert Fry, deceased, to recover from Samuel Fry, Aaron Fry and William Weatherholt 80 acres of land in Sedgwick county, and also for damages for the wrongful detention of the same. The claim of the plaintiffs below was that Samuel Fry, the father of Albert, agreed that if Albert would take possession of the land, bring it under cultivation, and build good improvements thereon, then he, Samuel Fry, would execute to Albert a deed of conveyance for the land, and the same should become the property of Albert in fee simple ; and that, in pursuance of this agreement . and gift, Albert took possession of the land, brought the entire tract under cultivation, erected thereon houses, stables, corn-cribs, and wagon-sheds, planted and cultivated orchards and hedges, fenced and otherwise improved the land, at a cost of $1,500. It is alleged that the gift was made, possession taken by Albert thereunder and improvements begun in 1878, and in 1881 he was married to Louisa, and of this marriage Daniel A. Fry was born. They continued to occupy the premises until the death of Albert Fry, on March 26, 1884. Soon after the death of Albert, Samuel Fry disputed the ownership of the land, and it is alleged that by subterfuge and force he removed and kept them from the possession of the premises. The case was tried with a jury, and a finding made in favor of the defendants in error, awarding them the land and $450 as damages for the wrongful detention of the same.

The principal contention in this court is, that the

proof is not sufficiently strong and clear to warrant the conclusion that an effectual gift of the land had been made. We find, however, that this question is not open for our consideration. It does not appear from the record that we have all the testimony upon which the trial court acted. We might say, however, that the testimony which is included in the record appears to us to be sufficient to sustain the judgment that was given.

It is contended that error was committed in admitting testimony of a statement made by Samuel Fry to his son Albert. When Louisa, who was the wife of Albert, was upon the witness-stand an inquiry was made as to whether she had heard Samuel Fry make any statement relative to the land in controversy, and she answered without objection that she had. She was then asked to give the statement which he had made, when an objection was made that the statement was a part of a conversation with Albert, now deceased, and that, as communications between them would not be competent in favor of Samuel Fry, the giving of a part of the conversation would be improper. The statements of Samuel Fry with reference to the giving of the land to his son were certainly competent testimony when given by one authorized to testify to them. The fact that Samuel Fry could not testify in regard to a transaction or communication had personally with his deceased son does not preclude third persons who heard the statements from relating them as testimony. Neither can it be said that a part of the conversation upon that subject is incompetent, or that the plaintiffs in error were prevented from obtaining the entire conversation. Upon cross-examination they could have obtained from the witness all of the conversation had bearing upon the

question at issue.    An attempt was afterward made to show by Samuel Fry what the transactions with his son were in respect to the land, but the court, upon objection, properly excluded the answer.    It is said that as the testimony of Louisa concerning the statements of Samuel Fry had been received in evidence he should have been allowed to rebut or deny the conversation.    It appears that there is no reason for complaint in this respect.    The record shows, whether the testimony was admissible or not, that he was permitted to and actually did deny what was said by Louisa respecting the statements he had made.    It thus appears that they had the privilege of cross-examining Louisa fully as to the statements, and that Samuel Fry was not only permitted to contradict her testimony, but was also allowed to state that he had never agreed to give Albert the land, nor ever said that he would make them a deed to the land.    We think the plaintiffs in error have no cause to complain of the rulings upon the testimony.

No other objection is presented by the record, nor do we find any error which warrants a reversal.    Judgment affirmed.

All the Justices concurring.