THE CHICAGO ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. LAURA A. MILLS.

No. 9328.

NEGLIGENCE — *widow suing as administratrix for death of hus-
band, though not entitled to damages as administratrix, may
recover as widow.* The widow of a deceased non-resident whose
death was caused in this State by the wrongful act or omission of
another; who sues in this State for damages therefor; and who
describes herself, in her petition, as such widow, and also, as ad-
ministratrix of the estate of her deceased husband, by appoint-
ment under the laws of a sister state, and against whom an issue
upon the question of her widowhood has been raised by the de-
fendant's answer, and in whose favor such issue has been found,
may recover in her right as such widow, although not entitled to
maintain such action in her capacity of administratrix.

*Error from Doniphan District Court.*
*Hon. J. F. Thompson, Judge.*

AFFIRMED.                    OPINION FILED FEBRUARY 6, 1897.

*M. A. Low* and *W. F. Evans*, for plaintiff in error.

*John Doniphan* and *Albert Perry*, for defendant in
error.

DOSTER, C. J.     Laura A. Mills sued the Chicago,
Rock Island and Pacific Railway Company, under
section 422 of the Civil Code, for damages resulting
from the death of Edward R. Mills, in Doniphan
County, this State, caused by the negligent operation
of the defendant's trains.   She entitled the case in her
name as "administratrix of the estate of Edward R.
Mills," but, in the body of her petition, she described
herself as the widow of said Mills, and, also, as ad-
ministratrix of his estate under letters of administra-
tion issued by the Probate Court of Buchanan County,
Missouri.   She averred, also, that, "by virtue of such
letters, she claims the right to recover for the death

of her late husband, Edward R. Mills;" and, after setting forth the facts constituting her claim of negligence, concluded with the averment that "by reason of all which, she was greatly injured and damaged in the loss of her husband, and of his services, which were her only means of support."

The defendant in its answer, among other matters of defense, denied that plaintiff was the widow of the deceased, Edward R. Mills, but, upon the trial of the case, as evidence upon plaintiff's behalf, admitted that she was his widow, and the jury, in answer to a special interrogatory submitted to it, found such to be the fact.

Upon the trial of the case it was proved that the residence of the deceased, Edward R. Mills, was, at the time of his death, in the state of Missouri, and that the plaintiff was likewise a resident of such state. The statutes of Missouri, which were offered and received in evidence, showed upon inspection that, in that state, actions for damages resulting from death caused by the negligence of railroad officers or employes are limited, in the first instance, to the husband or wife of the deceased, where such relation exists ; wherefore it is argued, following the decision of this Court in *Limekiller, Adm'x, v. H. & St. J. Rld. Co.*, 33 Kan. 83, that Mrs. Mills, being the administratrix of her deceased husband's estate, holding appointment as such under the laws of another state, cannot maintain this action in her capacity as administratrix, the law of the state, whence she derives her authority, giving such right of action to her in her capacity as widow only, and not in her capacity as administratrix. To this the defendant in error, as a principal argument, replies that it was incumbent on plaintiff in error, defendent be-

low, to specially plead the Missouri statutes showing the right of action to be in the widow, as such, and not in the administratrix, and, failing to do so, the courts here must presume such statutes to be the same as ours, which give a right of action to the administratrix; and the reply brief of plaintiff in error is wholly devoted to an argument in denial of these positions. The defendant in error makes the additional point that the widow, Mrs. Mills, is entitled to recover, as such, notwithstanding she appears in her petition to limit her right of action to her representative character of administratrix. This view appears to us to be sound. It is true she entitles the case in her capacity as administratrix, but she likewise alleges herself to be the widow of the deceased, and the defendant below makes such allegation an issuable point in the case, by filing a special denial thereto. Evidence in support of the allegation was offered and received without objection. The truth of the claim of widowhood was admitted on the trial by the defendant below, and the jury, in answer to a special interrogatory, found the plaintiff below to be the widow of the deceased. It is true, the plaintiff, after reciting the fact of her appointment as administratrix and the issuance to her of letters of administration, declares that ''by virtue of such letters she claims the right to recover for the death of her late husband;'' but she is not to be concluded by such declaration, and limited, because thereof, to a recovery in her representative capacity, where the other allegations of her petition so plainly show a right to recover in her character of widow, and where the defendant has not been misled or taken by surprise as to the claim of widowhood, but, on the contrary, has treated such claim as raising a meritorious

44—57 KAN.

issue in the case. Under such circumstances, the averment by the plaintiff of her appointment as administratrix, and her right to recover as such, will be treated as surplusage, and judgment will be accorded to her in her individual capacity. To this effect are the authorities. *Litchfield v. Flint*, 104 N. Y. 543; *Heirs of Waldsmith v. Administrators of Waldsmith*, 2 Ohio, 156. Besides, the plaintiff in another part of her petition really seemed to intend to claim as widow, and not as administratrix; because, after averring the facts of the defendant's negligence, she declared that, " by reason of all which she was greatly injured and damaged in the loss of her husband and his services, which were her only means of support." The case of *Limekiller v. H. & St. J. Rld. Co.*, supra, which constitutes the basis of the contention of plaintiff in error, is in nowise at variance with the views herein expressed. There was nothing in that case, as there is in this, to give countenance to a claim of recovery as widow, or next of kin to deceased. The claim of recovery in that case was as administratrix, under appointment by the probate court of a county in Missouri. It being shown that the action could not be maintained in the courts of that State in such representative capacity, it was held that it could not be maintained here in such capacity.

The judgment of the Court below is affirmed.

All the Justices concurring.