CARRIE O. GETTY v. ARTHUR LARKIN *et al.*

### No. 10770.

1. ADMINISTRATION OF PARTNERSHIP ESTATE—*under agreement between surviving partner and administratrix, approved by probate court in proper proceeding, title to real estate passes without formal conveyance.* The case of *Sternberg v. Larkin* (58 Kan. 201), approved and followed.

2. ACTION BY ADMINISTRATRIX—*need not be in official capacity, on notes taken in her individual name for money due estate.* An administratrix who takes notes in her individual name for property belonging to the estate, may maintain an action on the notes without describing herself as administratrix, and the fact that the money, when collected, will be assets of the estate in her hands, constitutes no defense to the action.

Error from Ellsworth District Court. W. G. Eastland, Judge. Opinion filed July 8, 1898. *Reversed.*

*Ira E. Lloyd,* for plaintiff in error.

*C. J. Evans, L. H. Seaver,* and *Burch & Burch,* for defendants in error.

ALLEN, J. John Getty and Arthur Larkin were partners owning both real and personal property.

Getty died.   The plaintiff, Carrie O. Getty, his widow, was appointed administratrix of his estate.   Larkin, as surviving partner, took charge of the partnership estate.   A settlement was agreed upon by the plaintiff as administratrix and the defendant, by which he was to take certain firm property, to assume payment of the firm debts, and to pay the plaintiff as administratrix $6000.   This settlement was reported to the probate court, and, on a hearing, at which the parties to this action appeared in person and the minor heirs of John Getty were represented by a guardian *ad litem* appointed by the court, an order was made approving the settlement and adjudging that it stand as a full, final and complete settlement between the parties.   In pursuance of this settlement, the defendants Larkin and wife executed three promissory notes payable to the plaintiff in her individual name.   This suit was brought by the plaintiff on two of these notes ; one for $4000, the other for $1000, subject to certain credits indorsed on the larger note.

The defendants filed a long answer, challenging the validity of the settlement and the consideration for the notes, and also alleging that the action was not brought by the real party in interest.   The case was tried on the pleadings and records of the probate and district courts relating to the settlement of Getty's individual and partnership estate.   The court found for the defendants and entered judgment in their favor for costs.   The plaintiff brings the case here, claiming that the judgment is wrong under the facts presented to the court.

The principal question in the case is as to the validity of the settlement entered into by Mrs. Getty, as administratrix, and Larkin, individually and as surviving partner.   The validity of this settlement was sustained by this court in the case of *Sternberg v. Lar-*

*kin* (58 Kan. 201, 48 Pac. 861). Counsel for the defendants in error challenges the soundness of that decision, notwithstanding the fact that it was in favor of Larkin, on the issue then presented. We are entirely satisfied with the law declared in that case, and think it applies as well to this case as to the one then under consideration ; that Mr. Larkin is not only protected in his rights to the property he obtained by the settlement, but that he is bound to carry out his part of it.

The technical question of the plaintiff's right to maintain an action on the notes in her own name is also urged as a defense to the suit. The notes are in terms payable to Carrie O. Getty, without reference to her representative capacity. It is said that they are nevertheless assets of the estate ; that Mrs. Getty has not only brought the suit in her individual name, but that in her reply she has alleged, in substance, that when the notes are collected the proceeds will belong to her individually, because of certain expenditures made by her out of her individual funds for the benefit of the estate. In 8 Encyclopedia of Pleading and Practice, 658, it is said :

" When the cause of action whether in contract or in tort accrues after the death of the testator or intestate, and the money, if recovered, will be assets, the plaintiff may declare in his representative character, or in his own name, at his option. This rule prevails under the codes as well as at common law, except that it is materially qualified where the code provides that actions must be brought by the real party in interest, and that actions by an executor or administrator upon a cause of action belonging to him in his representative capacity must be brought by him in that capacity."

Our code requires all actions to be brought in the name of the real party in interest, subject to certain

exceptions; but has no specific provision governing actions by executors or administrators, except that they need not join with them the persons for whose benefit the action is prosecuted. These notes are by their terms payable to Mrs. Getty. The addition of the word "administratrix" would not in any manner affect the duty of the plaintiff to make the payment. In either event, Mrs. Getty, so long as she continued to be administratrix, would be the person and the only person entitled to receive the money. The defendant is not reponsible for its application by her. Gen. Stat. 1897, ch. 113, § 9. If it was the duty of the defendant to pay the amount of the notes to Mrs. Getty without suit, it is very difficult to understand on what ground he can resist payment to her when she is compelled to resort to the courts to obtain payment. The case of *Scantlin v. Allison* (12 Kan. 85), while not strictly in point is similar in principle. The technical objection to the form of the action is not sound. The record shows no defense to the notes beyond the credits admitted by the plaintiff.

The judgment of the District Court is reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff for the balance due on the notes sued on as shown by the plaintiff's petition.