THE KANSAS CITY, WYANDOTTE AND NORTHWESTERN
RAILROAD COMPANY v. LOUIS A. MENAGER.

### No. 10767.

1. ADMINISTRATOR—*who is also sole heir, erroneously electing
to maintain action as heir, held on facts to recover as admin-
istrator.*   While, as a general rule, a plaintiff can recover only in
the capacity in which he sues, where an action brought by a land-
owner in his lifetime, against a railroad company for the appro-
priation of his land for a right of way, is revived after his death
in the name of both his administrator and his heir, and afterward
on the death of the heir the administrator obtains a revivor in his
individual name, as successor in interest of the heir, and on being
required by the court to elect whether he will prosecute in his in-
dividual or official capacity, erroneously elects to prosecute in his
individual name, and where after a full trial of all disputed ques-
tions in the case it is agreed by the parties that the plaintiff is at
the time of the trial sole administrator of the estate of the land
owner; *held*, that the plaintiff may recover, notwithstanding such
erroneous election, but that the recovery should be as administra-
tor.

2. STATUTE OF LIMITATIONS—*does not run between order of re-
vivor after plaintiff's death and filing of amended petition
showing death and succession.*   Where an action is revived
in due time after the death of the plaintiff in the name of his
administrator and heir, but the petition is not amended so as to
show the death of the plaintiff and the succession of the admin-
istrator and heir to his rights for more than five years thereafter,
*held*, that the amendment does not state a new and different
cause of action, and that the Statute of Limitations does not run
during the interval between the revivor of the action and the filing
of the amended petition.

Error from Wyandotte District Court.   Samuel
Maher, Judge *pro tem.*   Opinion filed November 5,
1898.   *Modified.*

On the seventh of June, 1888, E. S. Menager brought
suit against the Railroad Company to recover damages
for the construction by the Leavenworth and Olathe
Railroad Company of its railroad on the plaintiff's
land.   It is alleged in the petition that the Leaven-

worth and Olathe Railroad was constructed to connect by a Y with the line of the Kansas City, Wyandotte and Northwestern Railroad, and that the two railroad companies were afterward consolidated under the name of the Kansas City, Wyandotte and Northwestern Railroad Company. It is also alleged that the plaintiff elects to charge the defendant for the land taken and damages to that not taken the same as if regularly appropriated by condemnation proceedings. On the sixth of September, 1888, the defendant filed an answer containing a general denial, and alleging purchase of the land from and payment therefor to the plaintiff, but that the plaintiff had refused to convey, and concluding with a prayer for specific performance of the contract.

The plaintiff died on the twenty-ninth of March, 1889. On the fourteenth of May, 1889, the action was duly revived in the name of Louis A. Menager, as administrator of the estate of E. S. Menager, deceased, and Margaret Menager, heir at law of E. S. Menager. Nothing appears to have been done in the case for a long time thereafter. The next thing appearing in the record is a motion for the substitution of Louis A. Menager as the successor in interest of Margaret Menager, who died in March, 1895. This motion was sustained. On the twenty-third of July, 1895, an amended petition was filed, alleging the facts with reference to the transfers of interest in the subject-matter of the action, and the revivors and substitutions that had been made by the court, and that the plaintiff was sole heir of Margaret Menager and that before her death she sold and conveyed to him the real estate in controversy, and that he is now the owner thereof. The plaintiff moved to dismiss the action on the grounds of want of revivor and that the action was barred by the Statute of Limitations ; and also filed a demurrer to the petition

because it did not state a cause of action, that there was a defect of parties plaintiff, a misjoinder of parties plaintiff, and a misjoinder of causes of action.

A motion was also filed to compel the plaintiff to elect whether he would proceed in the capacity of administrator or of grantee of the property.   The motions to dismiss and the demurrer were overruled. The motion to elect was sustained.   Thereupon the plaintiff elected to proceed as the record states " under the name of Louis A. Menager individually, and the said case is dismissed as to Louis A. Menager, as administrator of the estate of E. S. Menager, deceased."

On the twenty-second of April, 1896, an answer was filed, alleging, among other things, that the plaintiff is not the real party in interest and is not the owner of the land described in the petition, and that the land was purchased by the railroad company from E. S. Menager in his lifetime.   This amended answer concludes with a prayer for a decree for the title to the land occupied by the railroad company for which the damages were claimed.   To this answer the plaintiff replied with a general denial.

On the twenty-fourth of June, 1896, the case came on for trial before the court with a jury.   The defendant objected to the introduction of any evidence on various grounds, but the objection was overruled.   It was then admitted by the parties that E. S. Menager acquired title to the land in controversy in 1869 and continued to own it until his death, " that at the time of the death of the said E. S. Menager his mother, Margaret Menager, was living, and that the said land descended to her as heir, and was owned by her from the time of the death of the said E. S. Menager until the twentieth day of June, 1889, when the said Margaret Menager by deed duly conveyed said land to L. A. Menager, plaintiff herein.   .   .   .   The above ad-

missions being made by the said defendant with this distinct understanding, that the title to said land is as above stated unless by the bringing of this suit and the taking possession of the land in controversy by the defendant, the said E. S. Menager and his heirs and assigns parted with some interest or title in the land.''

Testimony was then offered by both parties and many witnesses were introduced by the defendant as well as by the plaintiff who testified with reference to the value of the land taken and the damages to that not taken. At the conclusion of all the testimony, and just before the defendant rested, this admission appears in the record: ''It is admitted by and between the parties hereto that L. A. Menager is the sole administrator of the estate of E. S. Menager, deceased.'' The defendant thereupon asked the court to instruct the jury to render a verdict in its favor. This was refused and the jury were instructed that Louis A. Menager had succeeded to the rights of E. S. Menager, deceased, and was entitled to recover such damages as were shown by the evidence to have resulted from the appropriation of the land. The jury returned a general verdict in favor of the plaintiff for $3889.20, on which judgment was entered.

The motion for a new trial was overruled.

*Waggener, Horton & Orr*, for plaintiff in error.
*Hutchings & Keplinger*, for defendant in error.

ALLEN, J. The principal contentions on behalf of the plaintiff in error are,—*First*, that the damages resulting from the appropriation of the land for a right of way were personal assets which went to his administrator on the death of E. S. Menager, and that by his election to prosecute the action in his individual name the plaintiff has abandoned and lost whatever

rights he might have asserted as administrator. *Second*, that by reason of the failure of the plaintiff to amend his petition within five years after the death of E. S. Menager so as to show that the plaintiff had succeeded to the rights of E. S. Menager the action became barred by the Statute of Limitations.

It seems to be conceded that under the facts of this case the damages resulting from the construction of the railroad became, and were at the death of E. S. Menager, personal assets which passed to the administrator. The action was revived in the name of both the heir and administrator. While there was no necessity for joining the heir in an action to recover the damages, the heir was a necessary party to the cross-petition of the defendant which prayed for a conveyance of the title to the land under the claim that the Railroad Company had bought and paid for it but that Menager had refused to convey. After the transfer of the legal title by Margaret Menager to the plaintiff it was proper to substitute him in her place, but this was not done within one year after the conveyance was executed. The revivor of the action of Margaret Menager in the name of Louis A. Menager as her heir was made, however, within one year after her death.

We are not advised as to the theory on which the court required the plaintiff to elect in which capacity he would prosecute the action. As administrator he was entitled to recover the damages if any were recoverable.

1. Administrator can recover as heir, when.

He was a proper and necessary party, as the grantee and heir of his mother, to the defendant's cross-petition asking a conveyance of the title to the land. At the trial the defendant abandoned its claim on its cross-petition and conceded that the title was in the plaintiff unless it had been lost by the taking possession of the land by the Railroad Company and the

commencement of this action. It seems hardly accurate to say that the title to the land was divested merely by the occupancy and the institution of a suit for damages where no payment had been made by the Railroad Company. Be that as it may, the parties proceeded to try the question of damages. Each side called witnesses who were examined and cross-examined at great length. The plaintiff was the only individual who, in any event, would be entitled to receive the money due from the company for damages. Whether he was entitled to retain it all as grantee, or heir of his mother, or was bound to account for it as administrator of his brother's estate did not seriously concern the defendant. A payment to him discharges the liability of the Railroad Company in any event.

As this was a cause of action which accrued to E. S. Menager in his lifetime, under the authorities, as a strict matter of law, it would seem that the administrator must recover in his official capacity and that he cannot prosecute the action in his individual name. 8 Encyc. Plead. & Prac. 658. The reason given for this rule is that it is necessary for the administrator to make profert of his letters in order to show his title to the cause of action. In the case of *Getty v. Larkin* (ante, p. 548, 53 Pac. 755), it was held that an administratrix might recover in an action brought in her own name on notes taken by her in her individual name for property belonging to the estate. The distinction between the two classes of actions appears nice and technical, yet perhaps it has something of substance and ought not to be disregarded. If the plaintiff after electing to proceed in his individual capacity had offered in evidence his appointment as administrator an objection to the testimony doubtless would have been good. Instead of an offer of proof, however, we have an agreement at the conclusion of the trial that

the plaintiff was then the sole administrator of the estate of E. S. Menager. The record fails to disclose the purpose of either party in making or procuring this admission. Its effect however is to show by the agreement of the parties that L. A. Menager, the plaintiff, is the person who is entitled to recover the damages claimed, but that he is entitled to that recovery in his official rather than in his individual capacity. We are admonished by the Code to disregard all technical errors not affecting the substantial rights of the parties. The question as to the amount of the recovery has been fully and fairly tried. The admissions made at the trial show that the plaintiff in his capacity as administrator is entitled to the judgment which was rendered. The only error committed by the court in the entry of judgment was in failing to describe him as administrator. It is claimed by the plaintiff that he is sole heir of Margaret Menager, who was sole heir of E. S. Menager, and that the damages would in any event ultimately belong to him. It was shown at the trial that all of the debts of the estate of E. S. Menager had been paid. The plaintiff, if not his sole heir, was at least one of the heirs and interested in the prosecution of this suit. Under all these facts we have to decide whether the plaintiff, by erroneously electing to prosecute the action in his individual name, has forfeited all the rights of the estate which he represents as administrator or may still enforce the judgment which he recovered in his individual name, and was and is entitled to as administrator. Substantial justice clearly requires that the Railroad Company should pay for the property it has taken and the injury it has caused to the land not taken, and should pay it to the plaintiff as administrator of the estate of his deceased brother. The record before us contains every fact essential to be known in finally determin-

ing all questions relating to the subject-matter of the action. While we concede the general rule that a party can only recover in the capacity in which he sues, there are many cases in which a party may be concluded in one capacity though he sues or is sued in another. *Railroad Co. v. Mills,* 57 Kan. 687, 47 Pac. 834; Black on Judgments, § 536; *Tate v. Shackelford,* 24 Ala. 510, 60 Am. Dec. 488; *Keniston v. Little,* 30 N. H. 318, 64 Am. Dec. 297; *Colton v. Onderdonk,* 69 Cal. 155, 10 Pac. 395. The reason of the rule requiring an administrator who seeks to recover on a cause of action which accrued to his intestate in his lifetime, to sue as administrator being, as before stated, that it is necessary for him to allege and prove his authority to act as administrator, the purpose of such allegation and proof has been fulfilled in this case by the agreement of the parties, which shows his title at the time of the trial. The fact being agreed upon, no necessity appears for allegation and proof of it. The defendant admits that it could have raised no question on the right of the plaintiff to proceed as administrator. All' disputed questions having been fully and fairly tried the plaintiff's recovery should be sustained, not in his individual right but in his capacity as administrator.

On the other proposition, that the plaintiff's action became barred by the Statute of Limitations on his failure to amend his petition within five years after the death of E. S. Menager, the cases of *City of Atchison v. Twine* ( 9 Kan. 350), and *C. B. U. P. Rld. Co. v. Andrews* ( 34 Kan. 563, 9 Pac. 213), are strongly relied on by counsel for plaintiff in error to sustain their contention. These cases hold that 2. Statute of Limitations does not run, when. an amendment of the petition showing the plaintiff's title as administrator is necessary in a case like this, but no question of the Statute of Limitations was then under consideration.

In this case the cause of action which was prosecuted by E. S. Menager, in his lifetime, was by proper proceedings duly revived in favor of the administrator and the heir at law. It is a rule of universal application, so far as we are informed, that Statutes of Limitation never run against a cause of action while an action for the enforcement of it is pending. Can it be said that after the substitution of the administrator and heir at law in the place of E. S. Menager, by revivor in their names, no action was pending; that although revived, the action was still dead? We think not. After the revivor the action was pending with the administrator and heir substituted in the place of E. S. Menager. But it is said that an amendment to the petition alleging the transfer of interest incident to the death of Menager and the appointment of his administrator was essential to show a cause of action in favor of the administrator; that this was in effect an amendment setting up a substantially new cause of action, and under prior decisions of this court the running of the statute is to be computed up to the time of filing the amended pleading. This, though plausible, is not sound. The cause of action prosecuted by the plaintiff was the identical cause of action alleged by E. S. Menager when he instituted the suit. At all stages of the case, the claim of the plaintiff was simply one for the recovery of damages for the appropriation of the land taken by the Railroad Company. This identical cause of action has been pending and alive at all times except during the brief interval between the death of E. S. Menager and the revivor of the cause in the name of his administrator. The amendment, while essential under the cases cited, does not introduce a new cause of action, and therefore the bar of the statute did not intervene.

Some questions are also raised as to the admission

and rejection of evidence, and also with reference to the instructions and the measure of damages, but we find nothing in any of them of merit or worthy of extended comment.

The judgment of the District Court will be modified so as to show that the recovery by the plaintiff is in his capacity as administrator, and so modified it will be affirmed.