PETER SRAMEK V. LIZZIE SKLENAR.

No. 14,560.   (85 Pac. 566.)

SYLLABUS BY THE COURT.

1. PETITION—*Breach of Promise to Marry—Matter in Aggravation of Damages.* In an action to recover damages for breach of a contract to marry it is not error to deny a motion to strike out of the petition evidential facts which form no part of the cause of action, but which are pleaded in aggravation of the damages.

2. ——— *Motion to Strike Out—Discretion of the Court.* Even if such facts are redundant and surplusage, and could be proved without being pleaded, it is within the discretion of the court to strike out or retain them.

3. EVIDENCE—*Seduction—Aggravation of Damages—Breach of Promise.* Evidence tending to show that, after a contract to marry had been made, the man seduced the woman by taking advantage of her plighted love and confidence may be considered by the jury in aggravation of the damages for a breach of the contract, and should not be stricken out.

Error from Marion district court; R. L. KING, judge. Opinion filed April 7, 1906.   Affirmed.

STATEMENT.

THIS action was brought by the defendant in error in the district court of Reno county to recover damages from the plaintiff in error for an alleged breach of a contract to marry. After a motion of the defendant to strike out portions of the petition as redundant had been denied, the defendant joined issue by a general denial. The case was tried to a jury, and a verdict for $5000 damages was returned in favor of the plaintiff. A motion of the defendant for a new trial was denied, and judgment was rendered in accordance with the verdict. The defendant brings the case here for review.

*Keller & Dean,* for plaintiff in error.

*W. H. Carpenter,* and *Henry Swan,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Six assignments of error are made, of which the first is the refusal of the court to strike out certain portions of the plaintiff's petition which set forth the circumstances and long continuance of the engagement to marry and the seduction of plaintiff, which in themselves do not constitute a cause of action or any part of a cause of action, but which are proper matters of proof for the consideration of the jury by way of aggravation of the damages for the breach of the contract to marry.

"As a general rule, it is not necessary to the plaintiff's right of recovery that the particular circumstances of aggravation should be set out in the declaration, although such matters are not infrequently alleged, and in some cases have been required in order to warrant a recovery." (5 Encyc. Pl. & Pr. 705.)

In *Klopfer v. Bromme,* 26 Wis. 372, 378, it was assumed that facts which go in mere aggravation of damages should not be allowed in evidence, unless pleaded, if objection be made on that ground. The general rule, however, does not seem to go that far. The allegation of such facts, instead of being prejudicial, is generally considered, if not a matter of right, as at least highly favorable to the defendant. If the facts pleaded are evidential, but are so remotely connected with the cause of action as to form no part thereof, and, in so far as they pertain to stating a cause of action, are redundant and irrelevant, still it is within the discretion of the court to strike them out or retain them. (*Drake v. National Bank,* 33 Kan. 634, 7 Pac. 219.) Some, if not all, of the facts alleged are evidential upon the issue as to whether or not there was a contract to marry. (*Johnson v. Leggett,* 28 Kan. 590.)

The second and third claims of error relate to the admission of, and the refusal to strike out, the evidence

of the plaintiff as to the courtship and oft-repeated promise to marry, continuing from 1896 to 1902, when first, it is said, a time was agreed upon for the fulfilment of the contract; also, the evidence as to the seduction of the plaintiff. We have examined this evidence, and find it all admissible for the purpose of establishing the disputed contract or in aggravation of the damages for the alleged breach of the contract. (*Johnson v. Leggett, supra; Klopfer v. Bromme,* 26 Wis. 372.)

It is urged further that the court erred in refusing to instruct the jury that it should disregard the evidence of the seduction of the plaintiff by the defendant in determining whether or not a contract to marry was entered into. Some limitation upon the application of this evidence might well have been given, but the instruction asked was properly refused. True it is, as contended, that if the defendant promised to marry the plaintiff in consideration of her consent to sexual intercourse no action could be maintained for damages for the breach of such contract, by reason of the immorality and illegality of the consideration. (*Saxon v. Wood,* 4 Ind. App. 242, 30 N. E. 797; *Hanks v. Naglee,* 54 Cal. 51, 35 Am. Rep. 67; *Steinfeld v. Levy,* 16 Abb. Pr., N. S., 26.) On the other hand, it is contended that the seduction was not accomplished in consideration of the promise to marry, but that the barriers of modesty and virtue were overcome long after the contract to marry had been made, by the defendant's taking advantage of the plighted love and confidence of the plaintiff. The jury had a right to consider this evidence, and if they believed the latter contention to be true they might well give it weight in determining the amount of damages to be awarded. They might also properly consider, if they believed plaintiff's evidence, the years of courtship, the years of renewed promises of marriage, and all other cir-

cumstances which they found placed the plaintiff in a worse position, or debarred her from other opportunities of marriage. The judgment of the district court is affirmed.

All the Justices concurring.