C. A. HESS, as Administrator, etc., *Appellant*, v. WILLIAM HARTWIG, *Appellee*.

No. 18,159.

SYLLABUS BY THE COURT.

1. EVIDENCE — *Transactions with Deceased Person — Who are Competent Witnesses*. Section 320 of the civil code as amended by chapter 229 of the Laws of 1911 does not prohibit a person from testifying in a case between others as to transactions and communications had personally by him with a deceased person from whom the parties to the litigation claim title.

2. ERROR—*Must Affirmatively Appear or Judgment Must Stand*. The rule that in the absence of an affirmative showing of error in the instructions, or that the verdict is not sustained by the evidence or that the answers to special questions were not supported thereby or were inconsistent with a general verdict, the judgment must stand—followed.

Appeal from Allen district court. Opinion filed May 10, 1913. Affirmed.

*G. A. Amos, L. T. Cannon,* both of Humboldt, *H. A. Ewing, S. A. Gard, G. R. Gard, Travis Morse,* and *G. E. Pees,* all of Iola, for the appellant.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

WEST, J.: The administrator of Gotlieb Hartwig sued William Hartwig for the possession or value of certain notes and mortgages alleged to belong to the

estate. The answer alleged that the instruments were the property of the defendant at the time of his father's death, and this was the principal question submitted to the jury, who found in favor of the defendant. The plaintiff appeals, complaining of rulings relating to the introduction of evidence, in giving and refusing instructions, in refusing to strike out certain answers of the jury to special questions, and in denying the motion for a new trial.

The controversy is not new to this court. (*Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642; *Hess v. Hartwig,* 83 Kan. 592, 112 Pac. 99.) It is contended that the brother and wife of the defendant were incompetent witnesses as to any transaction or conversation had between themselves and the decedent, and section 320 of the civil code is invoked. That section as amended by chapter 229 of the Laws of 1911 only prohibits a person from testifying in his own behalf in respect to any transaction or communication had personally with a deceased person where either party to the action claims to have acquired title from such deceased person, or when the adverse party is executor, administrator, etc. The amendment works a change in another respect not material here. While the wording of the amended act is somewhat confusing it is clear that a witness in a case between others can hardly be testifying in his own behalf so long as he is not a party to the action, and we think the wife and brother were competent so far as this section is concerned.

Complaint is made concerning the admission of evidence touching the history of the Hartwig family and their property relations and dealings, but while the testimony took a wide range we do not find any prejudicial error in this respect.

We have examined the instructions given and find that the court properly directed the jury.

It is contended that the verdict is not sustained by

Brown v. Funck's Estate.

the evidence but that it is contrary thereto, a contention with which we can not agree.

It is argued that the court should have stricken out certain answers returned by the jury to special questions for want of evidence, but we think such answers were fairly supported by the testimony.

Neither do we agree with the counsel that the findings are inconsistent with or destructive of the general verdict. This litigation grows out of mutual dealings between members of a family who appeared to live in harmony and have affection for one another and who accumulated a fair share of this world's goods. It is time the litigation ceased. We think the jury arrived at the proper conclusion, and such conclusion having been approved by the trial court our approval must be added thereto.

The judgment is affirmed.