No. 20,739.

DORA HARRIS, *Appellee* and *Appellant*, V. HUGH MORRISON, *Appellant* and *Appellee.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion to Strike Out Allegations of Petition Denied—No Error.* An order denying a motion to strike unnecessary allegations from a petition will not cause a reversal of a judgment, where the defendant was fully informed of the nature of the plaintiff's cause of action.

2. ACTION—*Determining Ownership of Property—When Judgment is Conclusive.* In an action to determine the ownership of the residue of property left after paying the debts of a deceased person, which action is prosecuted by one to whom the deceased person had contracted to leave the property at his death, against the beneficiary under a will executed by the deceased person, a judgment against the beneficiary is final and conclusive and will be binding on the executor in the final distribution of the estate, where the beneficiary is also the executor.

3. EXCLUSION OF EVIDENCE—*Evidence Not Produced—Review.* Error in the exclusion of evidence will not be considered on appeal, where the excluded evidence was not produced on the hearing of the motion for a new trial.

4. EVIDENCE — *Transaction with Person Since Deceased — Competent Witness.* In such an action as is mentioned in section 2 of this syllabus, the plaintiff's husband, who is not a party to the action, is a competent witness by whom to prove the contract between the plaintiff and the deceased person, although the plaintiff and her husband may be occupying a part of the land in controversy as a homestead.

5. PETITION — *Stated One Cause of Action — No Election Required.* Where a petition states one cause of action and the evidence tends to establish that cause of action, it is not error to refuse to require the plaintiff to make any election between different phases of the evidence.

6. EVIDENCE—*Established Plaintiff's Cause of Action.* The evidence has been examined. It was sufficient to establish the plaintiff's cause of action, and defendant's demurrer to the plaintiff's evidence was properly overruled.

7. TRIAL—*Findings of Court Cover All the Issues Involved.* A judgment will not be reversed because of the failure of the court to make detailed special findings of fact, where no findings are presented by the parties, and where the court makes special findings which are somewhat general in their nature, but which cover all the issues involved in the action.

8. CONTRACT—*To Leave Property at Death—May be Performed by Deed or Will.* In such an action as is mentioned in section 2 of this syllabus, the contract may be performed by deed or will.

9. —Former Decision Followed. *Cathcart v. Myers,* 97 Kan. 727, 156 Pac. 751, followed.

10. ACTION — *Ownership of Property — Certain Conversation Between Plaintiff and Defendant Competent Evidence.* In such an action as is mentioned in section 2 of this syllabus, where the defendant testifies that he never heard of such a contract until after the action was commenced, the plaintiff may, in rebuttal, testify to a conversation had by him with the defendant, in which the conversation with the deceased person was detailed.

11. SECONDARY EVIDENCE. No secondary evidence of the contents of a letter was offered or admitted.

12. ACTION—*Ownership of Property—Evidence—Nature of Judgment to be Rendered.* In such an action as is mentioned in section 2 of this syllabus, judgment should be rendered in favor of the plaintiff for all the property, where the contract and its performance on the part of the plaintiff are proved and are found by the court, notwithstanding that the defendant has claims which may be allowed by the probate court against the estate of the deceased person; and a judgment decreeing the defendant to be the owner of a part of the property, based on such claims, will be reversed.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed March 10, 1917. Modified.

*W. L. Huggins,* of Emporia, *S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the plaintiff.

*Howard J. Hodgson,* of Eureka, *Eli B. Felsenthal,* and *Francis S. Wilson,* both of Chicago, Ill., for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to determine the ownership of property. The plaintiff recovered judgment giving her a portion of the property, from which judgment the defendant appeals; and the defendant recovered judgment for a portion of the property, from which judgment the plaintiff appeals.

C. H. Day and Anna Day, his wife, owned real and personal property in Greenwood county. The plaintiff was the daughter of C. H. Day and stepdaughter of Anna Day. The plaintiff pleaded, the evidence tended to prove, and the court found that C. H. Day and Anna Day orally contracted with the plain-

Harris v. Morrison.

tiff that if she and her husband and children would live with or near C. H. Day and Anna Day, and give them such attention and care as a daughter could give, until they should die, the plaintiff should have, as her reward and compensation, all the property of which they or either of them should die seized and possessed; that this contract was fully performed on the part of the plaintiff; that C. H. Day died first; that after his death, Anna Day orally stated to the plaintiff that if the plaintiff would continue to care for and wait upon Anna Day as she had been doing for C. H. Day and Anna Day, the plaintiff should, upon the death of Anna Day, have and receive all the property of every nature and kind of which Anna Day should die seized and possessed; and that the plaintiff fully complied with this request of Anna Day and cared for her until she died. On the 28th day of September, 1912, Anna Day executed a will, devising all her property to the defendant, her brother, and appointing him executor of her estate. Anna Day died on the 18th day of October, 1912.

The facts upon which each of the specifications of error depend are set out as each specification of error is discussed.

1. Quoting from the defendant's brief:

"The appellant filed a motion asking the court to strike from the petition of the appellee all the allegations in the petition, in effect, save and except those which alleged the death of Anna Day, the execution and probating of the will and the naming of Hugh Morrison as executor and the qualification of Hugh Morrison as executor of the will. The same motion asked that the appellee be required to make her petition more definite and certain by attaching a copy of the will."

The petition may have contained unnecessary allegations, and some of the allegations may have been set out with unnecessary prolixity, but they did not prejudice any substantial right of the defendant. He was fully informed of the nature of the plaintiff's cause of action. It was within the sound discretion of the trial court to refuse to strike out any part of the petition on the request of the defendant. (*Drake v. National Bank,* 33 Kan. 634, 639, 7 Pac. 219; *Sramek v. Sklenar,* 73 Kan. 450, 85 Pac. 566.) Even if some of the allegations should have been stricken out, the refusal of the court to strike them out was not sufficient error to warrant a reversal of the judgment. (Civ. Code, § 581.)

2.   Another complaint of the defendant is as follows:

"'Under the petition as filed in this case, the allegations were direct and positive that Hugh Morrison as executor of the last will and testament of Anna Day deceased was administering upon that estate and had in his possession as such executor the entire estate of Anna Day and no part of said estate could pass from Hugh Morrison, executor of the last will and testament of Anna Day, to Hugh Morrison as an individual, no matter what claim of any kind he might be making to such property until the final settlement of the estate of Anna Day in the Probate Court of Greenwood County, Kansas."

That part of the petition which set out the interest claimed by Hugh Morrison in the property in controversy was as follows:

"That said last will and testament has been admitted to probate in the Probate Court of Greenwood County, Kansas, and the said Hugh Morrison, defendant above named, has been appointed and is now acting as the executor thereof, and said estate is in the process of settlement and is about to be closed.

"That the said Hugh Morrison is in possession of all of said personal property except such as he may have used for the payment of debts of the said Annie Day, deceased.   That said Hugh Morrison refuses to deliver any of said property to this plaintiff.   That the said Hugh Morrison also claims the possession of said real property and excludes this plaintiff from the possession thereof."

The plaintiff claims that portion of the property which will be left after the payment of all claims and debts against the estate of Anna Day.   The executor is entitled to the possession of all personal property until the estate has been fully administered, and has power to sell the real property for the payment of debts, if the personal property is insufficient for that purpose.   Upon the complete administration of the estate the executor must, under the order of the probate court, turn the property in his possession over to those entitled thereto. Hugh Morrison, who is the executor, claims all the property left after the payment of the debts, under the will of Anna Day.   The judgment determines which of the parties to this action is entitled to the property.   As between them, the judgment will be conclusive in the probate court on the final distribution of the estate.   This conclusion is supported, to some extent, by *Railway Co. v. Mills,* 57 Kan. 687, 47 Pac. 834; *Getty v. Larkin,* 59 Kan. 548, 53 Pac. 755; *Railroad Co. v. Menager,* 59 Kan. 687, 54 Pac. 1043; *Barnett v. Schad,* 73

Kan. 414, 417, 85 Pac. 411, 91 Pac. 539 ; and *Brown v. Quinton*, 80 Kan. 44, 102 Pac. 242. It must be said, however, that these cases are not directly on this question. This question was presented to the trial court by an objection to the introduction of evidence on the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled. The petition stated a cause of action.

3. Defendant insists that "under the pleadings, it was competent for the defendant to show that the plaintiff had accepted $1000 from Mrs. Day in satisfaction of all claims which she had or might have against Mrs. Day's estate." The defendant pleaded this as a matter of defense. To support this defense, the defendant sought to introduce evidence of conversations had by Mrs. Day with third parties, in which Mrs. Day told the third parties that she intended to give the plaintiff $1000. This was objected to and was excluded by the court. The evidence was a self-serving declaration on the part of Anna Day, and as such was inadmissible against the plaintiff. The evidence was not produced on the hearing of the motion for a new trial, and, under section 307 of the code of civil procedure, can not now be considered. (*Muenzenmayer v. Hay*, 98 Kan. 538, 542, 159 Pac. 1; *Oliver v. Christopher*, 98 Kan. 660, 663, 159 Pac. 397.)

4. Arthur Harris, the plaintiff's husband, testified to the conversations between the plaintiff and C. H. Day and Anna Day when the contract for the services of the plaintiff was made. At the time of the trial the plaintiff and her husband were living on a part of the property in controversy. The defendant insists that this property was occupied by the plaintiff and her husband as their homestead. Objection was made to the testimony of Arthur Harris on the ground that, under section 320 of the code of civil procedure, he was incompetent to testify in this action. He was not a party to the action, nor directly interested in the result; and he did not testify in his own behalf. The communications to which he testified were not had by him with C. H. Day or Anna Day, but were between C. H. Day and Anna Day on the one part, and the plaintiff on the other. The plaintiff's husband did not come within the terms of section 320 of the code of civil procedure. He was a competent witness. (*McKean v. Massey*,

9 Kan. 600; *Fry v. Fry,* 56 Kan. 291, 43 Pac. 235; *Griffith v. Robertson,* 73 Kan. 666, 85 Pac. 748; *Hess v. Hartwig,* 83 Kan. 592, 112 Pac. 99; *Nelson v. Oberg,* 88 Kan. 14, 127 Pac. 767; *Hess v. Hartwig,* 89 Kan. 599, 132 Pac. 148; *Cadwalader v. Pyle,* 95 Kan. 337, 148 Pac. 655; Note, 29 L. R. A., n. s., 1179.)

5. At the close of the evidence introduced by the plaintiff defendant asked that the plaintiff be required to state on which of a number of different phases of her evidence she would elect to recover. The plaintiff's petition set out one cause of action, and only one. It did set out in detail, possibly unnecessarily, the manner in which the plaintiff acquired her right to the property, but there was only one cause of action stated in the petition. The defendant was fully informed of the nature of that cause of action and could not have been misled by the petition. The plaintiff's evidence corresponded with, and tended to establish, the allegations of the petition. That evidence established one cause of action. So long as the plaintiff alleged one cause of action which her evidence tended to establish it was not error for the court to refuse to require her to make any election between different phases of her evidence.

6. Defendant interposed a demurrer to the plaintiff's evidence. The demurrer was overruled. Complaint is made of that ruling. The defendant insists that no contract between the plaintiff and C. H. Day and Anna Day or between the plaintiff and Anna Day was established by the evidence. There was abundant evidence to establish an oral contract, by which C. H. Day and Anna Day orally agreed to give to the plaintiff all the property owned by either of them at the time of their death if the plaintiff would come and live near them and take care of them during their old age. There was abundant evidence to prove that Anna Day renewed this contract with the plaintiff after the death of C. H. Day; that the plaintiff complied with the terms of the contract; and that she moved to a home near C. H. Day and Anna Day and cared for each of them until their death. The demurrer to the plaintiff's evidence was properly overruled. (*Anderson v. Anderson,* 75 Kan. 117, 88 Pac. 743; *Bichel v. Oliver,* 77 Kan. 696, 95 Pac. 396; *Taylor v. Taylor,* 79 Kan. 161, 99 Kan. 814; *Heery v. Reed,* 80 Kan. 380, 102 Pac. 846; *Schoonover v. Schoonover,*

86 Kan. 487, 121 Pac. 485; *Dillon v. Gray,* 87 Kan. 129, 123 Pac. 878; *Smith v. Cameron,* 92 Kan. 652, 141 Pac. 596; *Cathcart v. Myers,* 97 Kan. 727, 156 Pac. 751; *Jacks v. Masterson,* 99 Kan. 89, 160 Pac. 1002.)

7. The defendant requested the court to make special findings of fact and conclusions of law. The court made the following findings of fact:

"And thereupon the court announces that he finds from the evidence in this case that the allegations of the plaintiff's petition are true and that the contract therein stated and set out was in fact entered into between the plaintiff and the deceased C. H. Day and Annie Day in substance as therein alleged. And the court further finds that said contract was by the plaintiff fully carried out and performed in substantial conformity with all the terms and conditions thereof. The court further finds from the evidence and from the admissions of the parties that so far as known at this time all the debts of the said Annie Day have been fully paid and discharged, and there remains nothing to be done in the administration of said estate of Annie Day, except to close said estate and pay the costs of administration in the Probate Court of Greenwood County. And the court further finds that said contract was a lawful contract, and that the plaintiff is entitled to a specific performance thereof as prayed for in her petition, to which findings, rulings and decisions of the court the defendant at the time duly objected and excepted.

"And thereupon the court further found, that as a matter of equity and justice the said defendant, having performed certain services for the said Annie Day, deceased, during her lifetime, ought to have as his compensation for said services the following described real estate situated in the County of Greenwood and State of Kansas, to wit: . . .

"And the court assigned as a further reason for giving said property to the defendant, that the court believed said land was purchased with money which a brother to the defendant had given the said Annie Day about twenty years ago, and that said property had always been held by the said Annie Day as her separate property, and to which ruling of the court the plaintiff at the time duly excepted and objected to.

"And thereupon the court announces that the judgment of the court will be for the plaintiff except as to the property above described, and directs a journal entry to be drawn embodying the same."

These findings of fact and conclusions of law were sufficient to comply with the defendant's request, in view of the fact that he did not suggest any findings that should be made by the court, and did not request any further or additional findings. The judgment will not be reversed because the court did not make other, additional, or more complete findings of

fact. (*Briggs v. Eggan,* 17 Kan. 589, 591; *Kellogg v. Bissantz,* 51 Kan. 418, 32 Pac. 1090; *Pennell v. Felch,* 55 Kan. 78, 81, 39 Pac. 1023.)

8. The defendant insists that "no contract, either oral or written, to devise any property to the plaintiff, Dora Harris, was shown." The evidence did not show a contract to devise; it did not show in what manner title to the property was to be given to the plaintiff. C. H. Day and Anna Day could have performed their part of the contract either by a deed or by a will. They did neither. The court in part did what they should have done.

9. Defendant insists that "an oral contract to make a will is void, under the statute of frauds." The contract pleaded and proved was not a contract to make a will. It was a contract very similar to the one which was set out in *Cathcart v. Myers,* 97 Kan. 727, 156 Pac. 751, and which was upheld by this court. (See, also, the cases cited under the sixth heading of this opinion.)

10. The defendant testified that he never heard that the plaintiff claimed that she had a contract with C. H. Day and Anna Day, or either of them, until after this action was commenced. On rebuttal, the plaintiff testified to a conversation between herself and the defendant, in which she detailed some of the conversation had by her with C. H. Day and Anna Day. Objection was made to the competency of the plaintiff to testify concerning this conversation. The objection was made under section 320 of the code of civil procedure. The plaintiff did not testify to a conversation had by her with C. H. Day or Anna Day. Her testimony concerned a conversation with the defendant. Evidence of this conversation was competent, even if she therein detailed minutely the conversation between herself and C. H. Day and Anna Day. (*Waddell v. Swann,* 91 N. Car. 105; *Hill et al. v. Woolsey et al.,* 113 N. Y. 391; *Hirsh et al. v. Auer,* 146 N. Y. 13.)

11. Complaint is made that secondary evidence of the contents of a letter was admitted without a proper foundation having been laid for the admission of that evidence. In the evidence as set out in the abstract, there is nothing to show the contents of the letter or that its contents were submitted to the jury.

Bunton v. Railway Co.

12. The plaintiff, on her appeal, complains of the judgment giving to the defendant a portion of the property. The facts found by the court, on which this part of the judgment is based, should be presented to the probate court in a proper proceeding had for the purpose of procuring an order allowing and classifying the defendant's claim as a debt of the estate. If allowed, it should be paid out of the assets of the estate the same as other debts are paid. We do not decide whether the defendant's claim is or is not a debt of the estate. Neither do we decide any fact that is necessary to be established by the evidence in presenting the claim to the probate court. The determination of that question is not before this court at this time. Under the plaintiff's contract, as found by the court, she was entitled to all the property owned by Anna Day at the time of her death, left after the payment of her debts; and, under the contract, judgment should have been rendered for the plaintiff for all the property in controversy. (See the cases cited under the sixth heading of this opinion.)

The district court is directed to modify its judgment and to render judgment for the plaintiff for all the property left after the payment of the debts of the estate of Anna Day.