Collins v. Hayden.

No. 21,754.

IDA F. COLLINS et al., *Appellants,* v. J. S. HAYDEN et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. EVIDENCE — *Concerning Transactions with Person Since Deceased — Amended Statute Construed.* Notwithstanding the fact that in a revision of the section of the code making a party incompetent under certain circumstances to testify in his own behalf concerning transactions with a person since deceased, the word "party" in that connection was changed to "person," the statute is not to be construed as excluding the testimony of a witness in the class of cases referred to, whenever a decision in favor of the party calling him would inure to his benefit.

2. ACTION—*Setting Aside Deeds—Trial to Court—Admission of Alleged Incompetent Evidence.* Where in a trial without a jury judgment is rendered against the party having the burden of proof, the fact that the evidence in support of his claim is not directly contradicted otherwise than by testimony which is attacked as incompetent, does not affirmatively show that the decision was influenced by such challenged testimony.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed March 8, 1919. Affirmed.

*S. J. Shively,* of Paola, for the appellants.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellees.

The opinion of the court was delivered by

MASON, J.: Some of the heirs of George C. Hayden brought an action to set aside deeds executed by him to three of his sons, the petition alleging that he was incapable of transacting business, and that his signature had been procured by fraud and undue influence. Judgment was rendered for the defendants, and the plaintiffs appeal.

1. A reversal is asked on the ground that error was committed in permitting another son of the decedent, who drew the deeds in question, to testify in behalf of the defendants, over the objection that he was disqualified by the rule relating to evidence concerning transactions with a person since deceased. (Civ. Code, § 320, Gen. Stat. 1915, § 7222.) This wit-

ness was not a party to the action, but his testimony seems to
indicate that a part of the land would have been deeded to him
except for an arrangement between himself and his brothers
by which they paid for having it conveyed to them, so that he
may be said to have had a financial interest in the deeds being
upheld.  Prior to 1911 the statute provided that under certain
circumstances "no party shall be allowed to testify in his own
behalf in respect to any transaction or communication had
personally by such party with a deceased person." (Gen. Stat.
1909, § 5914.) In that year an amendment was made by which
(among other changes) the word "person" was substituted
for "party" where it first occurs in the clause quoted, but not
where it is used a second time, in the phrase "by such party."
Of this change it has been said: "While the wording of the
amended act is somewhat confusing it is clear that a witness
in a case between others can hardly be testifying in his own
behalf so long as he is not a party to the action" (*Hess v. Hart-
wig,* 89 Kan. 599, 600, 132 Pac. 148) ; and also: "This change
. . . suggests a purpose to extend the rule to witnesses who
are not parties; but a contrary inference can be drawn from
the fact that in defining the subject as to which the witness is
disqualified, the statute still retains the phrase 'to any trans-
action or communication had personally by such *party* with
a deceased person.' " (*Cadwalader v. Pyle,* 95 Kan. 337, 341,
342, 148 Pac. 665.)  In a doubtful case this court inclines to
an interpretation of a statute that will admit, rather than re-
ject, evidence.  (*Williams v. Campbell,* 84 Kan. 46, 50, 51, 113
Pac. 800; *Sarbach v. Sarbach,* 86 Kan. 894, 896, 122 Pac.
1052.)  In view of the ambiguity noted, we cannot attribute to
the legislature a purpose to exclude the testimony of a witness
in the class of cases referred to, whenever a decision in favor
of the party calling him would inure to his own benefit.  It
follows that the evidence was rightly admitted.

2. If, however, the witness were held to have been incom-
petent, the result would be the same.  The case having been
tried without a jury, the admission of incompetent evidence is
not a ground of reversal unless without it the judgment must
necessarily have been different, or its reception is in some
other way affirmatively shown to have affected the result.
(*McCready v. Crane,* 74 Kan. 710, 88 Pac. 748.)  The appel-
lants argue that their evidence tended to show fraud and un-

due influence in procuring the execution of the deeds in question; that this evidence was not contradicted otherwise than by the testimony of the witness whose competence is attacked; and that therefore judgment would have been rendered for the plaintiffs if this testimony had been rejected. The evidence is not set out in the abstract, but assuming its condition to be as the plaintiffs say, their conclusion does not follow. The burden rested on them to produce evidence sufficient to convince the trial court that the execution of the deeds was wrongfully procured. Notwithstanding their witnesses may have given evidence to that effect, which was not directly contradicted, we cannot presume that it contained no elements of improbability such as to suggest a doubt of its truthfulness, and in any event the question of veracity was one of fact, to be finally determined by the tribunal charged with the solution of such problems. (*The State, ex rel., v. Woods*, 102 Kan. 499, 170 Pac., 986.) No special findings were made or asked, and there is nothing to indicate that the decision of the trial court was influenced by the evidence of the witness in question, so that no prejudice would be affirmatively shown, if it had been decided that he was incompetent.

The judgment is affirmed.