No. 24,378.

FRED A. JOHNSON, as Executor of the Estate of GEORGE H. JOHN-SON, Deceased, *Appellee*, v. L. H. GUYER, *Appellant*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Competent Witness—Transaction With Decedent.* In an action by an executor turning upon the character of a transaction had personally between the testator and the defendant, the fact that the plaintiff introduces evidence on the subject given by a witness having no interest in the litigation does not remove the defendant's disqualification to testify concerning the transaction.

Appeal from Comanche district court; LITTLETON M. DAY, judge. Opinion filed April 7, 1923. Affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellant.

*Jay T. Botts,* of Coldwater, for the appellee.

The opinion of the court was delivered by

MASON, J.: George H. Johnson, claiming to have been compelled to pay a note which he signed as surety for L. H. Guyer, brought action against him for reimbursement. Johnson died and his executor was substituted as plaintiff. Guyer defended on the ground that he and not Johnson was the surety—that he had no personal interest in the transaction and was acting only for the accommodation of Johnson. The plaintiff recovered and the defendant appeals.

The defendant offered to show by his own testimony the conversation and transaction which took place between Johnson and himself at the time the note was executed. An objection to this offer was sustained, and that ruling is the only one complained of. The defendant's claim is that the testimony should have been admitted, notwithstanding the rule that "no person shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, . . . when the adverse party is the executor . . . of such deceased person" (Civ. Code, § 320), because the plaintiff had already produced a witness who testified that he had been present at the time referred to and gave his version of what had taken place, which the defendant wished to contradict. In support of this contention the defendant cites *Niccolls v. Esterly,* 16 Kan. 32, and

*Plowman v. Nicholson,* 81 Kan. 210, 105 Pac. 692, 106 Pac. 279. In these cases, however, the claimant under the decedent had called the opposing party to the witness stand and brought out from him a part of the transaction in question, and this was held to remove his disqualification so far as to enable him to tell the whole of it. In the present case the witness by whom the plaintiff developed the evidence as to what had taken place between the decedent and the defendant was not a party to the action and was not shown to be concerned in its result.

The defendant also relies upon this text: "Where a third person who was present during a transaction between two parties, one of whom has since died, has testified with respect thereto, the incompetency of the survivor is removed." (40 Cyc. 2340.) The note thereto cites decisions of two states to the contrary, and only one case outside of Pennsylvania in support of the statement—a Missouri decision turning upon exceptional circumstances. In Pennsylvania the matter is controlled by a statute providing that "although a party to the thing or contract in action may be dead . . . and his right thereto or therein may have passed, . . . to a party . . . who represents his interest in the subject in controversy, nevertheless any surviving or remaining party to such thing or contract . . . shall be a competent witness to any relevant matter, although it may have occurred before the death of said party . . . if and only if such relevant matter occurred between himself and another person who may be living at the time of the trial and may be competent to testify, and who does so testify upon the trial, against such surviving or remaining party or against the person whose interests may be thus adverse, or if such relevant matter occurred in the presence or hearing of such other living or competent person." (Purdon's Digest, 13th ed., pp. 5180, 5181.)

The prevailing view is indicated by these texts:

"The rule is that *if the representative* [of the decedent] *testifies or calls other witnesses interested in the estate to testify as to transactions* or communications of the deceased or incompetent with the adverse party, he thereby waives his right to object to the testimony of the adverse party." (Jones Commentaries on Evidence, § 783, p. 758.)

"The general rule is that *if the representative calls witnesses who are not interested in the estate to testify as to transactions* or communications of the deceased or incompetent with the adverse party, the testimony so given does *not* constitute a waiver of the right to object to the testimony of the adverse party." (Jones Commentaries on Evidence, § 783, p. 762.)

"Testimony as to prohibited matters given on behalf of the decedent's representative by third persons generally, does not constitute a waiver of the adverse party's incompetency as to such matters, unless the statute so provides." (12 Encyc. of Ev. 1021.)

"Statutes sometimes provide that the testimony of any witness on behalf of the protected party, as to prohibited matters, is a waiver of the adverse witness or party's testimony, the general rule, however, is that the testimony of a disinterested witness does not constitute a waiver." (12 Encyc. of Ev. 1022.)

Inasmuch as a witness for the plaintiff had been permitted to tell of a conversation between the defendant and the decedent, there may seem some color of unfairness in refusing to allow the defendant to testify to his version of it. But this procedure is in accordance with the policy of the law. Because in such a situation as that here presented, death prevents one participant in a transaction from testifying, the law seeks to offset the resulting disadvantage to his successor in interest by disqualifying the other. If a person not a party to the action happens to have been present he is entirely competent to testify, and then the issue, so far as direct evidence is concerned, must be determined upon his testimony and not upon his and that of one of the parties, since both cannot be heard. Although the witness may be biased in favor of the party calling him, the law makes his evidence competent even if it must stand alone, unless he is financially interested in the result of the litigation, and perhaps even then. (*Collins v. Hayden,* 104 Kan. 351, 179 Pac. 308.) The practice has been common in this state for third persons to be called upon to testify to transactions between adverse parties one of whom has since died, and it does not appear to have been suggested heretofore that this qualifies the survivor as a witness. In *Fry v. Fry,* 56 Kan. 291, 43 Pac. 235, where a third person had testified to a transaction between a party and one opposed to him in interest who had since died, it was said that the trial court properly excluded the testimony of the surviving party. In the present case the note sued on was given for stock in a motor company, issued in the name of the defendant and delivered to him—as he claims, to be held for the benefit of George H. Johnson. The witness who testified to the transaction was the company's agent, who made the sale. He was a participant in that transaction, and was interested therein; but he was not a party to the litigation; nor was he shown to have been in any way affected

by the judgment. He was therefore a competent witness, and the introduction of his testimony did not waive the defendant's incompetency.

The judgment is affirmed.

HARVEY, J., not sitting.