G. L. PAINTER, *Appellee,* v. JOSEPH FLETCHER *et ux., Appellants.*

No. 16,149.

CONTRACTS—*Sale*—*Specific Performance.* A decree of specific performance of a contract for the sale of real estate held to be supported by the evidence.

Appeal from Ford district court; GORDON L. FINLEY, judge. Opinion filed November 6, 1909. Affirmed.

*Thomas A. Scates, Albert Watkins, W. H. Vernon,* and *W. H. Vernon, jr.,* for the appellants.

*F. Dumont Smith,* and *B. F. Milton,* for the appellees.

*Per Curiam:* When the court found all the facts in this case to be as the plaintiff contends, and found the affirmative defenses of the answer to be untrue, no course was open but to decree specific performance. The evidence fully supports the judgment. Read in the light of the situation and circumstances of the parties, which may always be considered, the description was sufficiently definite and the contract did not need reformation; therefore, error could not be committed in reforming it. If, as the defendants contend, the contract gave the vendee an option, it was not necessary that the vendee's wife should join in an assignment made before acceptance. Anyhow, she has assented. Knowledge, active participation, assent and ratification on the

part of Mrs. Fletcher appear, and the decree rightfully runs against her. Time was not of the essence of the contract, and the defendants waived the delay in closing the deal. The oral agreement fixing a time and place for performance was perfectly valid, and when Fletcher failed to keep his appointment he waived formal tender. The contract did not specify the securities to be taken, and the parties could supplement it orally in this respect. The remainder of the oral negotiations did not create a new contract of sale supplanting the old, and in any event the defendants will not be allowed to agree upon a method of performance, induce the plaintiff to act accordingly, and then work a gross fraud by repudiating altogether. They must still convey, and they suffer no prejudice from the decree rendered which places the title where it ought to be, as equity should do. The estoppel urged against the plaintiff was not pleaded. Acceptance by the plaintiff created mutuality of obligation. Causes of action for reformation and specific performance of the reformed instrument may always be joined. None of the assignments of error is sufficient to call for a reversal, and the judgment of the district court is affirmed.