Hughes v. Knapp.

---

No. 23,238.

J. G. HUGHES, *Appellee,* v. BENJAMIN KNAPP and ELIZABETH KNAPP, *Appellants.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Real Estate—Contract Binding.* A contract of sale of real estate examined, and held to contain mutual engagements, on the part of the vendor to complete a sale, and on the part of the vendee to complete a purchase.

2. SAME—*Specific Performance—Subsequent Oral Modifications of Details.* In an action for specific performance of a contract of sale of real estate, oral agreements relating to details of performance, and not changing the substance of the contract, may be enforced.

Appeal from Graham district court; CHARLES I. SPARKS, judge. Opinion filed May 7, 1921. Affirmed.

*David Ritchie,* of Salina, and *H. R. Tillotson,* of Lenora, for the appellants.

*W. L. Sayers, J. S. Parker,* both of Hill City, and *W. T. Roche,* of Clay Center, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for specific performance of a contract to convey real estate. A demurrer to the petition was overruled, and the defendants appeal.

The contract was signed by Benjamin Knapp as vendor, and by J. G. Hughes as vendee. The material portions follow:

"This contract, made and entered into this 4th day of March, 1920, by and between Benjamin Knapp and Elizabeth Knapp, of Moreland, Kansas, parties of the first part, and J. G. Hughes, of Clay Center, Kansas, party of the second part, witnesseth: The said first parties have this day sold to second party the following described real estate: [Description], for the consideration of $21,720.

"The second party has this day deposited in the Moreland State Bank, Moreland, Kansas, the sum of $2,000, to be held in escrow until the said first parties deliver a warranty deed to said land, together with an abstract brought up to date, showing a good merchantable title to said land. (Contract to be consummated by April 1, 1920.) On delivery of said deed and abstract, second party agrees to pay the sum of $6,720 in cash, and deliver to said first parties a first mortgage on above described land for $13,000, evidenced by two certain notes, one for $3,000 payable in three years and one for $10,000 payable in seven years, with interest thereon at six per cent per annum, payable on the 1st day of January in each year."

The bank deposit was made, and abstracts of title were delivered. For their convenience, the vendor and the vendee made an oral agreement modifying some of the details of performance. Instead of a first mortgage on the entire tract for $13,000 securing two notes, one for $3,000 payable in three years and one for $10,000 payable in seven years, there were to be two mortgages on separate portions of the land, each securing a note for $1,500 due in three years and a note for $5,000 due in seven years. B. E. Hughes was to be named as one of the grantees in the deed. The vendor mailed to the vendee notes and mortgages for signing. The vendor changed the

date when interest was to be payable from January 1 to April 1, made place of payment the bank of Lenora, Kan., and inserted stipulations covering subjects common to real-estate mortgages. The vendee regarded change of date, place of payment, and some of the stipulations, as departing from the contract as modified, and prepared other notes and mortgages. On April 1 the vendee made tender of the cash payment including the deposit, and made tender of the notes and mortgages he had prepared. The vendor refused to accept the tenders, and demanded payment of an additional sum of $320, as a condition to performance on his part.

The petition stated in detail the facts which have been summarized, made tender of the cash payments, and contained an offer on the part of the vendee to execute notes and mortgages corresponding to the contract and containing whatever provisions were properly within its reasonable interpretation. A conveyance from both the vendor and his wife was prayed for. In the event judgment should not go against the wife, a conveyance by the vendor with abatement of price was prayed for. A supplemental petition stated that, with the consent of the vendor and his wife, the vendee had entered on the premises and had erected a lasting and valuable improvement, in the form of a windmill, costing $150. Other facts were stated entitling the vendee to relief against Elizabeth Knapp as well as her husband.

The vendor says the contract did no more than secure to him an option to take the consideration if he chose to deliver deed and abstract by April 1. He says further he was under no obligation to deliver deed and abstract, but if he chose to do so, the vendee was bound to perform. The contract witnesses on the part of the vendor that he has "this day sold" described land to the vendee for a stated price. The words in this part of the contract are the vendor's words. Their ordinary meaning is that he has made the land the property of the vendee. He may not urge ambiguity, and then resolve the ambiguity in his own favor, and he may not deny the intention which the words express. It is true the legal effect of the words used must be determined by the law of conveyancing; a deed was still necessary to accomplish a completed transfer of legal title. The words quoted, however, were words of conclusion, and forbid

reservation by the vendor of privilege to make another decision, at will, at a later date, which would keep the land from the vendee. Reading further in the contract, we discover that consummation by warranty deed was contemplated. On delivery of deed the vendee engaged to pay, and the parties were mutually bound, one to complete a sale, and the other to complete a purchase.

The vendor insists that enforceable modification of the contract could not be accomplished without writing, because of the statute of frauds. The oral agreement did not relate to any of those fundamental things which the statute requires shall be reduced to writing. The agreement related merely to details of performance. These may be arranged orally for accommodation of the parties without impairing obligation, and enforcement may properly regard any arrangement which does not go to the substance of the contract. (*Painter v. Fletcher*, 81 Kan. 195, 105 Pac. 500; *Hull v. Allen*, 84 Kan. 207, 113 Pac. 1050; *Welch v. McIntosh*, 89 Kan. 47, 130 Pac. 641.)

The judgment of the district court is affirmed.