No. 29,374.

HARRY L. BABST et al., *Appellees,* v. WILLIS H. BABST et al., *Appellants.*

(288 Pac. 593.)

Opinion filed June 7, 1930.

*J. M. Stark,* of Topeka, for the appellants.

*Thomas Amory Lee,* of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for the specific performance of a contract pertaining to a family settlement of property rights and obligations.

The litigants are the four sons and the only daughter of the late Thomas M. Babst, who died testate on February 2, 1920, seized of certain city property in Topeka and 800 acres of land in Wabaunsee county. His will was probated on March 8, 1920. By its terms he devised a life estate in all his property to his widow, Lola B. Babst, and the remainder in equal shares to these litigants, Harry L. Babst, Thomas M. Babst, Jr., Willis H. Babst, Daniel K. Babst and Maude L. Babst. Lola died on November 8, 1926, but the estate of Thomas had not been fully administered when the transaction occurred which gave rise to this lawsuit.

For some years past Harry L. Babst has been a resident of California. Maude and Thomas have been in possession of the family property in Topeka, and the defendants, Willis and Daniel, have been in possession of the Wabaunsee county land.

In their petition the plaintiffs, Harry, Maude and Thomas, allege that shortly after the death of Lola, in 1926, certain differences arose between plaintiffs and defendants, chiefly concerning the most advantageous way to dispose of the Wabaunsee county land, and concerning the rent thereof which defendants should pay, and concerning certain moneys borrowed by Maude and Thomas for the benefit of Lola, and about a certain sum of $2,000 paid by Willis and Daniel to their father in his lifetime.

On May 26, 1929, the four brothers and sister, and Medora, wife of Harry, and Gertrude, wife of Willis, met in Topeka and effected a family compact and settlement of the principal matters which had been the subject of controversy between them. This contract was incorporated in a memorandum in writing and signed by the parties concerned. By its terms Harry, Maude and Thomas agreed to sell their three-fifths interest in the Wabaunsee county land to Willis and Daniel for $19,200, and the relative liability of the five persons touching the mortgage on the land was defined, and its assumption by Willis and Daniel was agreed to. A liability of $2,000 of their father's unsettled estate in favor of Willis and Daniel was assented to by the parties, and Willis and Daniel agreed to accept $1,200 as the amount due from the other three in liquidation of their share of this $2,000 obligation. It was also agreed that

certain minor matters such as rent and interest should be left to future adjustment.

Plaintiffs' petition alleged the foregoing matters at length, set up a copy of the memorandum agreement, alleged that they were ready, able and willing to carry into effect their part of the agreement, and that they had executed conveyances for the performance of the contract and had tendered them to defendants, but that the latter had refused to accept the deeds and to pay the stipulated price, and that defendants were threatening to institute suits in partition of the real estate in disregard of the family settlement. Plaintiffs prayed for a decree of specific performance, and for an injunction to restrain defendants from instituting partition suits in breach of the memorandum agreement of May 26, 1929. Its terms were as follows:

"Harry L. Babst and Medora E. Babst, his wife, Maude L. Babst, single woman, and Thomas M. Babst, single man, agree to sell to Daniel K. Babst and Willis H. Babst their undivided three-fifths of the T. Babst farm in Wabaunsee county, Kansas, being section 15 and the S½ of SW¼ and S½ of SE¼ of section 10, T. 13, R. 13, for $19,200.

"Purchasers assume the mortgage of $5,000 now on part of the same farm. Of said mortgage all of the said parties owe equally and jointly $4,234.67, and Maude and Tom Babst owe equally the balance, $765.33.

"The T. Babst estate owes to Dan and W. H. Babst $2,000. The question of interest on it shall be later adjusted.

"W. H. and D. K. Babst own one-tenth each of lots 181 and 183 on Broadmoor avenue, Topeka. Maude and Tom shall either sell or pay this two-tenths promptly, and for the purposes of this contract it shall be valued at $1,000 and deducted from the $19,200.

"Adjustment of purchase price—

$19,200.00 gross.

$2,400.00 owed on mortgage by the three-fifths.
   765.33 owed on mortgage by Maude and Tom.
 1,200.00 owed on $2,000 debt of Babst estate.
 1,000.00 estimated two-tenths of value of 319 Broadmoor street.

$5,265.33

$13,834.67—Balance of purchase price, to be paid $10,000 cash at least, and all cash if it can be raised; settlement to be made within 60 days of date.

"Signed this 26th day of May, 1929.

HARRY L. BABST.          THOMAS M. BABST.
MEDORA E. BABST.         DANIEL K. BABST.
MAUDE L. BABST.          WILLIS H. BABST.
                         GERTRUDE E. BABST."

To this petition defendants filed a motion to dismiss, a motion to strike out parts of it, and lodged two demurrers. These were severally overruled, and these adverse rulings are brought to this court for review.

The basis of the motion to dismiss was the fact the estate of Thomas P. Babst was still being administered under the supervision of the probate court, and it was alleged that important matters affecting that estate were there pending and undetermined, that the probate court had ample jurisdiction of the entire matter of that estate, and that the district court "is without jurisdiction to hear or determine any of the issues presented in this cause." The grounds of this motion were unfounded. The district court, and not the probate court, is the forum for the enforcement of a contract of family settlement. Such jurisdiction of the district court did not interfere in the slightest degree with the probate court's jurisdiction to administer the estate of the deceased father. The district court will determine the issues involved in this lawsuit, nothing more. If it finds this family settlement was made—and as against a demurrer it must so find—it will probably say to defendants, "Carry out, in good faith, the family compact you have made with your brothers and sister." How could such a decree interfere with the matters still pending in the probate court? We can readily see how a prompt compliance by defendants with the terms of the family settlement, with or without the mandate of the district court to that effect, would tend to expedite a final winding up of the estate in the probate court. Furthermore, the real estate belonged to the heirs and they could bargain concerning it between themselves, or with third parties, without regard to the pending administration. Of course, if the probate court should find it necessary to subject the real estate to the satisfaction of obligations of the estate it could do so regardless of what disposition of it had been made by the heirs, but that bare possibility gave no excuse for defendant's motion to dismiss.

The motion to strike was aimed at those matters explanatory of the status and situation of the parties, the death of the father and the pending administration of his estate, the tenor of his will, the death of the widow, the matters of controversy which arose among the members of the family and of their composition by the family settlement. The motion sought to have all reference to the family settlement stricken out. Quite properly, we think, that motion was overruled. Indeed, it is seldom prejudicial error to refuse to strike

out irrelevant or redundant matter from a petition unless it tends to confuse or mislead the adverse party. In pleading, it is frequently good practice to make an introductory statement leading up to the principal matter of the declaration or plea, so as to simplify, explain or elucidate the latter. Inducement in pleading is more a matter of convenience than necessity. It adds nothing to the strength of the cause of action stated, or to the strength of the defense pleaded thereto. If it tends to clarify the pleading it serves a useful purpose; if not it may be stricken. (*Drake v. National Bank,* 33 Kan. 634, 639, 7 Pac. 219; *Sramek v. Sklenar,* 73 Kan. 450, 85 Pac. 566; *Harris v. Morrison,* 100 Kan. 157, 163 Pac. 1062.)

Defendants' demurrer was based on the point that the memorandum agreement showed on its face that it was incomplete, that while it recited that plaintiffs agreed to sell, it failed to recite that defendants agreed to buy, and therefore it was lacking in mutuality and in consideration. This criticism of the memorandum contract is overdrawn. While the words "defendants agree to buy" are wanting, there is no want of other language to evidence such agreement. Plaintiffs agreed to sell their interest to defendants for a sum of money. The purchasers agreed to assume a mortgage. Who were the purchasers? The persons to whom the plaintiffs agreed to sell, to be sure. Who were to pay the balance of the purchase price? The purchasers, of course. Manifestly the purchasers are the persons who set their hands to the memorandum agreement and to whom their fellow signatories had agreed to sell. (*Hughes v. Knapp,* 109 Kan. 183, 197 Pac. 862; *Heffernan v. Neumond,* 198 Mo. App. 667.) This demurrer was properly overruled and so, too, was the separate demurrer of defendant, Gertrude E. Babst, wife of Willis H. Babst. She had signed the family compact and was a proper party to the action, and she was not entitled to be excused from her nominal part in the specific performance of the contract to which she had given her assent.

The judgment of the trial court is affirmed.