No. 29,808.

THE STATE BANK OF DODGE CITY, *Appellee*, v. M. D. GONDER, *Appellant;* F. A. IRA and ETHEL IRA, Cross Petitioners, *Appellees.*

(296 Pac. 338.)

Opinion filed March 7, 1931.

*Carr W. Taylor, Harry H. Dunn,* both of Hutchinson, and *Ray H. Tinder,* of Wichita, for the appellant.

*Carl Van Riper* and *Walter L. Bullock,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The action was commenced against M. D. Gonder and F. A. Ira upon a note for $400, to secure which F. A. Ira and his wife had given a mortgage upon three lots in Dodge City. F. A. Ira filed a cross petition in which he set up a transaction by which he claimed Gonder was liable to him for the $400. Verdict and judgment were for Ira and against Gonder. Gonder appeals.

On September 13, 1927, F. A. Ira and Ethel Ira, his wife, sold and deeded to Lewis Dierking three lots in Dodge City. The deed contained the following provision:

"Except subject to all encumbrances now of record against said property, which encumbrances grantee herein assumes and agrees to pay."

At that time there were four liens against the property, of which the one sued on in this case was fourth. These are the encumbrances which Dierking agreed to pay. A few days after the date of the deed from Ira to Dierking there was a conference in the office of Gonder between Ira, Dierking and Gonder. As a result of this conference the name of Dierking was erased from the deed and

it was delivered to Gonder with the grantee blank. On the same day Mr. and Mrs. Ira signed a writing as follows:

"It is hereby agreed and understood that we, F. A. Ira and Ethel Ira, husband and wife, of Ford county, Kansas, have given M. D. Gonder full power and authority to write in one certain general warranty deed dated September 13, 1907, the name of the grantee, whoever the grantee may be, at the option of the said M. D. Gonder, conveying lots [in question]."

This writing was signed by Ira and wife at the suggestion of Gonder. Mr. and Mrs. Ira testified that at the conference where it was arranged to erase the name of Dierking from the deed, that Gonder agreed to assume the encumbrances that Dierking had assumed. Gonder denies this and says that he was only acting as the agent of Dierking. This became one of the questions in the case and will be noted later. A few days after the name of Dierking was erased from the deed the name of a man named Norton was written in, and the deed recorded. Soon thereafter Norton conveyed the property by quitclaim deed to Dayle Gonder, the son of M. D. Gonder.

Some time after the transactions above referred to suit was begun on one of the liens held against the lots, and all of them were foreclosed. The result of that suit was that the real estate was sold to satisfy the liens, but there was not enough left to pay the State Bank of Dodge City the note in question. That bank brought suit then against Mr. and Mrs. Ira and M. D. Gonder, and set out facts about as they have been given here, and prayed for judgment against Gonder.

Ira and wife filed an answer and cross petition, in which they alleged the agreement of Gonder to assume and pay all encumbrances against the property; that this note was one of the encumbrances, and that the bank had obtained judgment against them for the amount of the note; and that they had been compelled to pay the judgment. They prayed judgment against Gonder for the amount they had been compelled to pay the bank, the plaintiff in this suit.

Gonder filed an answer to the petition, and reply to the answer and cross petition, and thus the issues were made up. No demurrer to the petition or cross petition was filed, nor was any other defense made that would raise the law questions in the case until the motion for a new trial was filed.

The case was submitted to the jury on the sole question of whether Gonder had made the promise to Ira to assume and pay all the encumbrances on the land. The jury decided this question in favor of Ira and brought in a verdict for him and against Gonder.

Gonder raised the law points involved by filing a motion for a new trial on several grounds, among them being "irregularity in the proceedings of the court, jury, referee, prevailing party, abuse of discretion by which the defendant was prevented from having a fair trial," and "error of law occurring at the trial and excepted to at the time by the said M. D. Gonder."

There are two points upon which Gonder relies. One is whether or not the contract as pleaded and disclosed by the undisputed evidence was for the sale of real estate, and hence, being oral, was void, and no valid judgment could be predicated thereon; and the other is that no consideration passed from Ira to defendant Gonder and no action can be based on that transaction.

The jury by its verdict for Mr. and Mrs. Ira found that Gonder had promised to assume and pay the encumbrances upon the real estate in question and that they and Mr. Dierking, the original grantee, had consented to the erasure of the name of Dierking as a grantee and the delivery to Gonder of the deed with the name of the grantee blank.

When Dierking consented to the erasure of his name and the delivery of the deed with the grantee blank, it had the effect of a surrender of the deed by Dierking back to Mr. and Mrs. Ira, and he thereby lost all interest in or title to the real estate in question.

The delivery of the deed in blank by Mr. and Mrs. Ira, together with the instrument in writing heretofore set out, had the effect of conveying the real estate in question to any person whose name Gonder saw fit to insert. The contract between Mr. and Mrs. Ira and Gonder was fully performed on the part of the Iras when they consented to the name of Dierking being taken out and delivered the deed to Gonder. There was nothing more for them to do in the transaction. This being the case, the action on the contract brought by Mr. and Mrs. Ira in a cross petition was not barred by the statute of frauds on account of its being oral.

The rule is stated in 27 C. J. 350:

"But the great weight of authority supports the rule that the statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so

performing may sue upon the contract in a court of law; he is not compelled to abandon the contract and sue in equity or upon a *quantum meruit*. Particularly is this said to be true where the agreement has been completely performed as to the part thereof which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money or the performance of some act, the promise to do which is not required to be put in writing."

This rule has been followed in this state in *A. T. & S. F. Rld. Co. v. English*, 38 Kan. 110, 16 Pac. 82. The syllabus to that case reads:

"Where land is sold and the deed executed, the price of the land may be recovered though the promise to pay therefor was not in writing." (Syl. ¶ 4.)

It has also been followed in *Heery v. Reed*, 80 Kan. 380, 102 Pac. 846. We regard that proposition as so well settled as not to require further citation of authorities.

Appellant urges that there was no consideration for the contract whereby it is sought to hold Gonder to the assumption of the note in question. Mr. and Mrs. Ira had conveyed their real estate to Dierking, who had assumed the encumbrances upon it. Under the contract with Gonder they gave up their right against Dierking for the benefit promised them by Gonder. The rule laid down in 13 C. J. 315 is as follows:

"It may be laid down as a general rule in accordance with the definition given above that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee."

In this case there was a detriment to Mr. and Mrs. Ira when they consented to Dierking's being relieved from his assumption of the encumbrance upon the real estate that they had conveyed to him, and the jury found this was done at the instance of Gonder and in consideration of his promise to assume the encumbrances.

There was a pleading filed by the plaintiff in the court below after the appeal had been taken, called a supplemental petition, which called attention to the fact that while the plaintiff had testified that the Iras had paid this obligation to the bank as a matter of fact they had paid it with encumbered real estate, upon which the bank had been compelled to spend some money before they could obtain a good title. The supplemental petition prayed that the bank be given a lien upon any judgment which Mr. and Mrs. Ira should secure against the Gonders on this account. The record does not disclose that this petition was ever called to the attention of

the court below or any action ever taken by that court upon it. In view of that situation, this petition comes under the rule announced in *Wideman v. Faivre,* 100 Kan. 102, 107, 163 Pac. 619, that this court will not consider on appeal any matter or pleading which was not called to the attention of the court below.

The judgment of the lower court is affirmed.