No. 30,276.

W. W. COMER, *Appellee*, v. CAL K. SHOEMAKER and TERESA SHOEMAKER, *Appellants*.

(7 P. 2d 500.)

Opinion filed January 30, 1932.

*Glenn H. Taylor* and *Thomas W. Clark,* both of Pittsburg, for the appellants.

*Guy W. Von Schriltz* and *W. I. Von Schriltz,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the specific performance of a contract to convey real estate. A demurrer to the petition of plaintiff was overruled. Defendants appeal.

The petition alleged a written contract between appellants and appellee whereby appellee agreed to furnish the material and labor necessary to make some specific repairs on a hotel. In return appellants agreed to convey to appellee in payment for his work and materials a designated piece of real estate. It further alleged that after the work was started an oral agreement was made as follows:

"Plaintiff, instead of removing partition, building dumb waiter and fixing door as specified in the original agreement, was to paper all rooms and halls of the second and third floors of said hotel and was to paper the lobby on the second floor of said hotel; that defendants were to furnish all materials to be used in all of said improvements after that date and plaintiff was to furnish the labor for same at such times as he might not be employed elsewhere."

The petition then alleged that appellee proceeded with his work till there was about three days' painting left to be done, at which time appellants refused to permit him to finish. A tender of complete performance is alleged and the refusal of appellants to convey the real estate. Reformation of the written contract to make it show the terms of the oral agreement was prayed for and that the contract as so reformed be enforced. Appellants demurred to the petition on the ground that it did not state a cause of action. They argue first that there is no ground for reformation alleged, and that since this is so the suit is one to enforce an oral contract for the conveyance of real estate, rather than a written one, and hence within the statute of frauds. We will first discuss the argument as to the contract being within the statute of frauds. Some courts have held that the statute which renders nonenforceable an oral contract for the sale of land prevents as well the enforcement of an oral agreement for the modification of a written contract on that subject. There is an exception to that rule, however. In 27 C. J. 328 it is said:

"But a distinction has been drawn between the contract, which the statute requires to be in writing, and its performance to which the statute does not apply, and upon this distinction it is held in a number of jurisdictions that an oral modification of a written contract merely in respect of the mode or time of performance is valid and binding."

This rule has been adopted by this court. (*Welch v. McIntosh,* 89 Kan. 47, 130 Pac. 641; *Hughes v. Knapp,* 109 Kan. 183, 197 Pac. 862. See, also, 17 A. L. R. 36. Note *Griffey v. Lubben,* 196 Ia. 465; *Cummings v. Arnold,* 3 Met. [Mass.] 486; also L. R. A. 1917B 161.) . Here the oral contract did not affect in any way the real estate. The written contract called for labor and material on a hotel. Labor and material on a hotel were furnished. The only change the oral contract made was as to the exact place in the hotel where the work should be done. We do not regard this as such a modification as to render the contract unenforceable.

Since we have reached this conclusion, it is not necessary to decide

the question as to whether sufficient allegations were made to require modification.

Appellant argues that the district court of Crawford county cannot decree specific performance of a contract to convey land outside of that county. Where personal service is had upon the defendants they can be ordered to convey land located in any county in the state. (R. S. 60-510.)

The judgment of the trial court is affirmed.