No. 30,198.

J. R. Jay, *Appellee*, v. H. I. Ellis and E. W. Singleton, Partners doing business as The Ellis and Singleton Construction Company, *Appellants*.

(10 P. 2d 840.)

Opinion filed May 7, 1932.

*W. D. Jochems, J. Wirth Sargent, C. Edward Murray* and *Emmet A. Blaes,* all of Wichita, for the appellants.

*Thomas C. Wilson, Henry Lampl* and *Rupert Teall,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: The action was for damages on account of an alleged defectively constructed concrete floor in a new garage building. Judgment was for plaintiff. Defendants appeal.

Appellants were building contractors. They had a conversation with a man named McKay about erecting a building on some lots owned by them suitable for use as a garage. This building was to be rented to McKay. In the conversation he specified that it must have a first-class cement floor and a certain type heating plant. A lease for the building was entered into between Ellis and Singleton on the one hand and McKay on the other. This written lease was executed by both parties and contained no provision or any reference to the floor being first class or in regard to the heating plant.

Before the building was entirely completed it was sold by Ellis and Singleton to J. R. Jay, the appellee in this case. This sale was evidenced by a written contract between Ellis and Singleton on one side and Jay on the other. The parts of that contract which interest us are as follows:

"It is hereby guaranteed by the sellers that this building is at this time or will be before the nine thousand dollars ($9,000) above mentioned is paid, entirely completed as to any agreements between Ellis & Singleton, the sellers, and R. D. McKay Motor Co. at the time of making the lease, whether such agreement be verbal or in writing, so that the purchaser will not be put to any expense to satisfy the tenant as to the construction and equipment.

"It is hereby understood and agreed by both parties that the purchaser, J. R. Jay, with the sale of this real estate, as a further consideration is also buying any personal property which is or will be put in the building and owned strictly by Ellis & Singleton.

"It is further understood and agreed by both parties that this being a new building, just completed, Ellis & Singleton, the sellers, will guarantee the purchaser that they will make good for the operation and performance in a reasonable way the same as they would if they had built this building under a contract."

After McKay had been in the building about six weeks the floor began to sink in one place and it scaled off in several places. This suit is the result.

The petition set out the contract between appellee and appellants into which there was incorporated the oral contract between appellants and McKay as to the floor and alleged a breach of this contract. Neither the petition nor the evidence showed that the oral contract between McKay and appellants was ever actually incorporated into the written contract between appellant and appellee other than by reference. There were some allegations in the petition as to a tort liability on the part of appellants, but since the case was tried entirely on the contract theory it will not be necessary to notice that feature of the case further.

The answer of appellants admitted the lease between appellants and McKay and the contract of purchase between appellants and appellee, but denied all other allegations. The case was tried on the evidence of appellee. At the close of appellee's evidence counsel moved the court to strike out all the evidence of appellee on account of the fact that it showed the contract sued on was within the statute of frauds, demurred to the evidence of appellee on the ground that it failed to prove a cause of action against appellants, and moved for judgment for appellants on the ground that there was a variance between the pleadings and proof. These motions were overruled and the case submitted to the jury. Verdict and judgment were for plaintiff. From this judgment the appeal is taken.

The first question urged by appellants here and the one which in our view is decisive of the case is that the contract sued on is void under the statute of frauds. It will be noted that the contract between appellants and McKay for a first-class concrete floor was oral. In order to prove it evidence of oral conversations had to be introduced. The contract of sale between appellants and appellee was in writing and referred to oral contracts between appellants and McKay, but the substance of these conversations was not written into the contract between appellant and appellee.

We have concluded that the contract in question is indivisible. We cannot separate the oral contract calling for a first-class concrete floor and the written contract of sale. In fact, the oral contract is referred to in the written one and we would not be confronted with this question if it had been written in. Since the oral contract and the written one are indivisible we must hold that the contract is for the sale of an interest in real estate and comes under the provisions of R. S. 33-106, referred to as the statute of frauds. The general rule is stated in 27 C. J. 196, as follows:

"A promise to perform work or labor upon land, the performance of which would not pass any interest in the land, is not within the statute. A verbal agreement to make or pay for improvements on land is one for labor and materials or for payment therefor and is not within the operation of the statute. However, where an agreement to construct a building involved the transfer of land or an interest therein from one party to the other, the statute applies."

See, also, *Holloway v. Smith*, 198 Ala. 118, 73 So. 417. In *Wing v. Mollett*, 115 Kan. 116, 222 Pac. 88, this court said:

"In order to maintain an action for the specific performance of a contract required by the statute of frauds to be in writing, it is essential that the con-

tract, with all its terms and conditions, be sufficiently definite and certain, or that they can be made definite and certain by reference to other data." (Syl.)

Certainly it cannot be said that the written contract contained the provision relied on by appellee with reference to the cement floor of the building. Indeed, appellee does not contend for this in his brief. He meets what has been said about the statute of frauds by claiming that the contract sued on is not an executory contract, has been fully performed and hence the statute of frauds does not apply. It is true that appellee has performed all that he was bound to perform under the contract, but it cannot be said that appellant has fully performed and that hence the contract is executory because this lawsuit is a controversy as to whether the vendor has performed, and to ascertain whether appellant has performed appellee asks us to examine an oral contract for the sale of an interest in real estate. Were it not for the existence of this alleged oral contract appellee would have no grounds whatever for the claim with reference to the cement floor.

It could be said by appellee that he had fully performed the contract on his part, but in order for that to lift the oral contract out of the statute of frauds it must appear the case is one where it would be a fraud on the party seeking to enforce the contract to refuse to enforce it. The doctrine is an equitable one. In the case at bar we cannot say that a court of equity would have ordered specific performance of the contract in question and would have decreed specific performance with reference to the floor in the building in question. (See *Engelbrecht v. Herrington,* 103 Kan. 21, 172 Pac. 716, and cases cited.) We conclude that the contention of appellant that the contract between appellant and appellee as pleaded and proved, being partly oral and partly written, but single and indivisible, is unenforceable by reason of the fact that the terms embodied in the oral portions are within the statute of frauds.

The judgment of the trial court is reversed with directions to dismiss the case.