No. 32,275

A. Z. BLANKINSHIP, *Appellee*, v. JOE PORTER, *Appellant*.

(47 P. 2d 72)

Opinion filed July 6, 1935.

*Robert C. Foulston, George Seifkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*A. M. Ebright, P. K. Smith* and *Bernard Peterson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover damages from the defendant on account of alleged fraud and deceit practiced upon the plaintiff by the defendant and alleged false representations, and promises made by defendant to plaintiff, which defendant, it is alleged, never intended to perform, whereby defendant procured from plaintiff, relying thereon, title to an improved plantation of 1,407 acres in the state of Arkansas for an inadequate amount of money advanced in the nature of a loan.

The answer of the defendant was a general and special denial of all the allegations of the petition, except the fact that he is now the legal owner and in possession of the plantation described in the petition. The case was tried by a jury, evidence was introduced, instructions were given and the jury failed to agree and was discharged.

The defendant appeals, assigning errors (1) in the admission of incompetent, irrelevant and immaterial testimony over objections of the defendant, (2) in overruling the demurrer of defendant to the evidence of the plaintiff, and (3) in refusing to sustain the request of defendant for an instructed verdict.

Throughout the trial the defendant made timely objections and motions on the expressed theory that the action of the plaintiff was one for damages for breach of contract, and the plaintiff with equal consistency maintained and announced that the action of the plaintiff was to recover damages from the defendant on the ground of fraud, claiming the measure of such was the difference between the fair value of the plantation and the amount of money advanced by the defendant. One of such announcements was at the close of the taking of testimony in response to a motion filed by the defendant to require plaintiff to elect on which theory he was attempting to recover, and the plaintiff, without a ruling on the motion, announced it was on the theory of fraud and deceit.

The application of the statute of frauds to the evidence in the case and the force and effect of representations and promises looking to the future instead of relating to past or existing facts are the most important features involved in this appeal.

We shall pass the first assignment of error as to the admission of incompetent, irrelevant and immaterial testimony and endeavor to disregard that which we might conclude to be such, in our consideration of the most important question submitted to us in this appeal, viz., whether the plaintiff's evidence was sufficient to justify the submission of the plaintiff's case to the jury and the overruling of the defendant's demurrer thereto.

The plaintiff introduced a written contract purporting and said to have been signed by the defendant, in which defendant agreed to loan plaintiff on his plantation in Arkansas from time to time, as needed, the total sum of $60,000. The plaintiff's evidence further shows that two advances were made in the total sum of $25,000 and a note and mortgage were given for the same, but no further advancements were ever made by defendant to plaintiff, although plaintiff testifies to numerous requests for such to which favorable promises were always and regularly given that further advances would shortly be made. The evidence further shows that later the plaintiff exchanged the equity in the plantation for an apartment in Kansas City, Mo., and still later, at the request of the representative of the defendant, he instituted proceedings in Arkansas to recover the title and possession of the plantation upon the promise of such representative that defendant would carry out the terms of the contract and advance the balance of the money; that later the defendant asked plaintiff not to object to his intervening in that action

in order to foreclose his mortgage, and if he did not interfere with the foreclosure or attempt to redeem, the defendant would convey the title back to him and advance the balance of the loan promised; that numerous requests and promises along this line were made by the defendant to the plaintiff until defendant procured in said action legal title to the plantation, after which he declined to fulfill any of them or the original contract itself; that the plaintiff had implicit confidence in all of defendant's promises and relied upon them; that defendant told him after he had acquired title to the plantation that "he was not going to loan me any money and that I didn't have time to refinance that place and that he was just going to take it over and run it and going to forget about any other deal we ever had had," and when his attention was called to the contract he said, "that didn't make any difference, that he had made up his mind that he wasn't going to go through with it."

One other witness testified he saw defendant sign the contract. Two others said they saw it shortly after it had been signed. Others testified as to the improvements and cultivation of the plantation, its oil prospects and efforts made toward development along that line, although no substantial results were reached as to production of oil or gas. Also, many witnesses testified as to the market value of the plantation, the figures given being greatly in excess of the loan advanced.

Was the plaintiff's evidence, of which the above is the general substance, sufficient to make a prima facie case for plaintiff or sustain his allegations to recover damages for fraud and deceit?

Appellant argues that appellee has, by trading off his plantation, rendered himself unable to perform his part of the contract even if appellant had been willing to have complied with the contract, and cites the rule in 13 C. J. 647 to the effect that performance of a contract is excused when it is prevented by the acts of the opposite party or is rendered impossible by him. In the same connection appellant also cites *Dill v. Pope,* 29 Kan. 289, and *Supply Co. v. Cement Co.,* 91 Kan. 509, 138 Pac. 599, to the same effect. Aside from the fact that these authorities have under consideration the enforcement of contracts, and assuming for the purpose of argument that the same rule might apply in an action to recover damages on account of fraud and deceit, one feature of the evidence is apparently overlooked, and that is where the appellee at the request of the representative of the appellant commenced an action

in Arkansas to set aside the conveyance of the plantation and that in the same action the appellant did later acquire legal title to the plantation, so that the disability of the appellee was only temporary by reason of the exchange of properties and the appellant was not prevented by the acts of the appellee from acquiring full and legal title to the plantation.

Appellant insists that the evidence fails to show any misrepresentation of material facts upon which a cause of action sounding in fraud or deceit can be predicated because the alleged fraud and deceit constitute representations *in futuro,* citing the case of *Kiser v. Richardson,* 91 Kan. 812, 139 Pac. 373. This was an action to recover damages for the breach of an oral promise to loan plaintiff a certain amount to be secured by a mortgage upon certain real estate, where the petition alleged that defendant never intended to make a loan and that the promise was false and fraudulent. It was stated in the syllabus that the plaintiff parted with nothing and the defendant gained nothing as the result of the promise, and then held:

"The rule that false representations in order to be fraudulent must relate to a present or past state of facts, and that no action will lie to recover damages as for deceit in the failure to perform a promise looking to the future, is held to apply, and therefore plaintiff's petition failed to state a cause of action.

"The contract being entire and indivisible, relating to an interest in and concerning lands, and not in writing, it cannot, by reason of the statute of frauds, be enforced." (Syl.)

No one would quarrel with the principles of law contained in the above syllabus, but the facts in the case differ in so many ways from the facts in the case at bar. The contract there was oral, here it is written; there the plaintiff parted with nothing and the defendant gained nothing; here plaintiff parted with 1,407 acres for $25,000 and defendant gained the plantation for that amount, said to be grossly inadequate; and the promises there were found to be looking to the future instead of relating to present or past state of facts. This case was decided on the pleadings, and, in the opinion, it was stated that—

"There is no statement in the petition that takes this case out of the general rule. There is the bare assertion that the promise was made by the defendant for the purpose of deceiving the plaintiff in order to defraud him out of a portion of the land and that the defendant might become the owner thereof himself. This is a mere conclusion. No fact is stated in support of it;" (p. 814.)

The petition in the case at bar seems to take the case out of the general rule, mentioned in the above quotation, as is shown by a consideration of the allegations in the sixth paragraph of the petition, which is as follows:

"Plaintiff states that at the time such conversations and written and oral agreements were had in January, 1930, prior to the making of the first loan, this defendant did not intend to carry out the terms of said agreements, but made such statements and agreements as aforesaid falsely and with the fraudulent intent to mislead and deceive said plaintiff, intending thereby to lull the plaintiff into a feeling of security by such false and fraudulent promises and statements, and ultimately get possession and ownership of plaintiff's said land for a wholly inadequate consideration, knowing that the plaintiff relied on all of said promises and agreements, placed especial confidence in said defendant and believed the defendant was honest and sincere in all of his said promises and in the making of said agreements. That at all of such times the defendant well knew that the fair and reasonable market value of said plantation was $125,000 or more, knew that said land had theretofore been mortgaged for almost $100,000 and knew that said land would amply secure loans of at least $60,000."

Further allegations along the same line are found in paragraph 14 of the petition.

In the case of *El Dorado Nat'l Bank v. Eikmeier,* 133 Kan. 412, 300 Pac. 1085, it was held:

"A promise to do something in the future, by which the promisor obtained something of value, if the promisor had no intention of performing his promise at the time he made it, amounts to deceit and actionable fraud." (Syl. ¶ 3.)

This ruling applied to the defense made to an action on a note given by defendants for the purchase of stock in an oil company where the promise was made by the payee to use the money derived from the notes given for the stock to drill a well on the land of the defendants, which representation it was alleged was known by the makers of the promise to be false when it was made.

Two other Kansas cases cited by the appellant follow the general rule stated in the Kiser case, above cited. They are: *Federal Agency Investment Co. v. Holm,* 123 Kan. 82, 254 Pac. 391; and *First National Bank v. Mense,* 135 Kan. 143, 10 P. 2d 19, in neither of which, however, is there any allegation of intention so as to make the promise relate to a past or existing fact instead of being a promise looking to the future. In 26 C. J. 1095, under the title of "State of Mind as a Fact," after stating the general rule that no

recovery can be had where the statement was purely promissory and did not involve a misstatement of intent, it is said:

"There is authority drawing a distinction between a promise made without an intent to perform and a promise made with an affirmative intent not to perform, and holding that the former is insufficient and the latter requisite to constitute actionable fraud."

Along the same line and under the heading of "Necessity for Overt Act" it is said in 12 R. C. L. 241:

"The intent must be accompanied by acts done for the purpose of carrying it into effect, or, in other words, must be acted out, by false representations, contrivances, or artifices, or by conduct which reasonably involves a false representation."

Whether deserving of credit or not, there is evidence in the record of the plaintiff's case along these lines.

Appellant insists that some of the evidence introduced by the plaintiff to establish his cause of action was in violation of the statute of frauds, R. S. 33-106, in that the contracts concern the sale of lands or interests in or concerning them and were not to be performed within one year from the time made. For the purpose of the demurrer we must consider the main agreement as having been in writing. Concerning the evidence showing surrounding circumstances and contemporaneous oral agreements which were not contained in the written document nor contradictory of any of its provisions, but tending to show the relation of the parties and the circumstances under which the instrument was executed, such parol evidence is not in violation of the statute of frauds nor does it attempt to vary or alter the terms of the written agreement and may properly be considered in showing the attitude and intention of the defendant in making the contract and his intention or lack of intention to fulfill it. (*Handrub v. Griffin,* 127 Kan. 732, 275 Pac. 196; *Kirk v. First National Bank,* 132 Kan. 404, 295 Pac. 703; and *Lucas v. Individual Mausoleum Co.,* 134 Kan. 266, 5 P. 2d 1077.)

As to the oral agreements which followed the alleged written agreement, they are not in violation of the statute of frauds if they relate to the details of performance of the written contract without impairing its obligation, as was said in the opinion in the case of *Hughes v. Knapp,* 109 Kan. 183, 197 Pac. 862, on page 186:

"The oral agreement did not relate to any of those fundamental things which the statute requires shall be reduced to writing. The agreement related

merely to details of performance. These may be arranged orally for accommodation of the parties without impairing obligation, and enforcement may properly regard any arrangement which does not go to the substance of the contract." (See, also, *Welch v. McIntosh,* 89 Kan. 47, 130 Pac. 641; *State Bank v. Gonder,* 132 Kan. 636, 296 Pac. 338; *Comer v. Shoemaker,* 134 Kan. 605, 7 P. 2d 500; *Sinclair Refining Co. v. Vaughn,* 135 Kan. 82, 9 P. 2d 995; and *Jay v. Ellis,* 135 Kan. 272, 10 P. 2d 840.)

Appellee cites two cases from other states that are in point of fact almost identical with the allegations and the evidence of the plaintiff in this case, namely, *Papanikolas et al. v. Sampson et al.,* 73 Utah 404, and *Kritzer v. Moffat,* 136 Wash. 410, in both of which the courts held that damages were recoverable on account of fraud and deceit where representations and promises were made with the intention at that time that they would not be fulfilled.

We think there was sufficient evidence in the case at bar to go to the jury on the allegations contained in the petition, and that there was no error in the overruling of the demurrer to plaintiff's evidence. With this ruling on the demurrer to the evidence of the plaintiff, there is nothing left to be said or done on appeal as to the error assigned in the refusal to grant the request of the defendant for an instructed verdict, when the situation was not later changed by evidence in rebuttal or some admission, stipulation or documentary evidence.

The ruling on the demurrer to the evidence of plaintiff is affirmed.

HARVEY, J., dissenting.