No. 35,438

FRANK DENNING, *Appellee*, v. MARY DENNING, *Appellant*.

(122 P. 2d 713)

Opinion filed March 7, 1942.

A. L. *Moffat*, of Kinsley, was on the briefs for the appellant.

*Joe T. Rogers, Roy L. Rogers,* both of Wichita, and *G. H. Terrill,* of Elkhart, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to cancel a deed to a house and two lots in Kinsley and for an adjudication that plaintiff was the owner of an undivided half interest in the property, and for judgment against defendant for half the rental proceeds thereof.

Plaintiff's petition pleaded the facts touching the origin of his title, and the alleged fraud which was perpetrated on him which induced him to part with his title, and concluded with a prayer for judgment.

Defendant moved to strike out some matters from plaintiff's petition and demurred to the remainder. The motion was sustained and the demurrer overruled.

The cause is brought here so that these rulings may be reviewed. To determine their propriety the allegations of the petition must be summarized at some length.

The petition alleged that plaintiff Frank Denning and defendant Mary Denning were formerly married to each other. Two children, a daughter Cora and a son Edward, were born to them. Many years ago plaintiff and defendant were divorced. The daughter Cora grew up and married one Harvey Lancaster, but they too were divorced; and in the decree Cora was given a house and two lots in Kinsley. Afterwards in 1932 Cora was severely burned and died intestate. She left no living issue, and the present litigants were her only heirs. Her estate was probated and the Kinsley property passed to plaintiff and defendant share and share alike.

Edward Denning, son of these litigants, grew up, married and had two children, became a drunkard, and had domestic trouble with his family. He had been educated for the law but ceased to practice it on account of his dissolute habits.

The plaintiff had been a Russian immigrant and could not read English. He grieved about the dissolute character of his son, and hoped to see him reëstablish himself in the profession for which he had been educated, and to see him resume proper relations with his family.

Taking advantage of his father's solicitude for his reformation, Edward Denning called on his father on March 7, 1935, and stated to him that his mother, defendant herein, had conveyed to him her

undivided half-interest in the Kinsley property, and Edward requested his father to do likewise—

"And stated to the plaintiff that if the plaintiff would so do he, the said Edward Denning, would reëstablish his marital relations with his wife, would in the future move to the city of Kinsley, and to such property; that he would cease his carousing and drinking and that he would again enter the practice of law and conduct himself in a proper manner."

It was also alleged that at the same time Edward produced an instrument, representing to plaintiff that it was a deed signed by his mother for her interest in the Kinsley property and requested his father to sign it, representing that the purpose of the instrument was to obtain a home and for the purpose of reëstablishing himself as a lawyer and to enable him to resume proper domestic relations with his family.

Relying on his son's representations as to the character and purpose of the instrument, plaintiff signed and delivered it to his son. It was in fact a warranty deed from Mary Denning, single, and Frank Denning, single, dated March 7, 1935, consideration one dollar, conveying the Kinsley property to one Forest Fullerton. The grantee was an employee of Mary Denning. Four days later Fullerton conveyed the property by warranty deed to Mary Denning. The deeds from plaintiff to Fullerton and from Fullerton to defendant were filed for record in the office of the register of deeds on March 15, 1935. The petition also alleged—

"Plaintiff further states that thereafter and on or about November 1, 1940, he for the first time was informed and discovered that said deed had not been made to Edward Denning, but had been made to the said Forest Fullerton and in turn made by the said Forest Fullerton to the defendant herein."

That part of plaintiff's petition which was stricken out on order of court was the language set out above as a direct quotation in our summarized version of it. Elsewhere in the petition, however, were allegations to the same effect as the stricken matter.

In assigning error on the overruling of defendant's demurrer to plaintiff's petition it is first argued that the alleged fraud was without damage or injury to plaintiff, that plaintiff made a gift of his interest in the Kinsley property to his son Edward and was not to receive any consideration therefor, and that it was immaterial that the name of a stranger as grantee was inserted in the deed.

We cannot assent to this contention. It was not alleged that the deed was to evidence a gift of realty from father to son. On the contrary, the petition alleged a good consideration for the deed—

his son's representations of his existing intentions to quit drinking and carousing, to be reconciled to his family, to reëstablish a home for himself and them, and to reënter his profession. Such a consideration for the deed would have been sufficient even if there had been no such intimate relationship between grantor and grantee as, that of father and son; and the son's representations, which were relied on by the father and which the pleaded facts clearly showed that the son had no intention of performing, constituted actionable fraud. In *El Dorado Nat'l Bank v. Eikmeier*, 133 Kan. 412, 300 Pac. 1085, it was said:

"A promise to do something in the future, by which the promisor obtained something of value, if the promisor had no intention of performing his promise at the time he made it, amounts to deceit and actionable fraud." (Syl. ¶ 3.)

See, also, *Richardson v. Simpson*, 88 Kan. 684, 688 and citations, 129 Pac. 1128; *First National Bank v. Mense*, 135 Kan. 143, 10 P. 2d 19; *Blankinship v. Porter*, 142 Kan. 284, 47 P. 2d 72; also Anno-Fraud-Futurity, 51 A. L. R. 46, 85, 104; 68 id., 635 *et seq.*; 91 id. 1296 *et seq.*

But what shall we say as to broader objections to plaintiff's petition that conceding the fraudulent duplicity which the son practiced on the father, the petition fails to state facts which would toll the statute of limitations or surmount the bar of laches before this action was begun?

The only fact plaintiff alleged that he did not know until November 1, 1940, about the fraud perpetrated on him was that the deed he had signed had been made to Forest Fullerton and not to his own son Edward Denning. But the petition has no allegation of want of knowledge for that length of time that the son's false representations as to his intentions had been broken as soon as made or within a reasonable time after they were made. The very nature of the consideration for which plaintiff parted with his title—the son's intended abandonment of his dissolute life, his intended reconciliation with his family, and his intended reëntry into his profession—implied that performance of those stated intentions should be begun at once and completed within a reasonable time. The insertion of the name of the stranger Forest Fullerton in the deed was indisputable evidence that the son's avowed purposes in getting his father to execute the deed were abandoned as soon as made. In this view of the petition it is immaterial that plaintiff did not learn until November 1, 1940, that the deed he had made was to Forest Fullerton.

Plaintiff did not plead that he did not know or learn of his son's broken promises and repudiated intentions to reform his habits and reorder his life until November 1, 1940! And so, in the opinion of a majority of this court the petition not only failed to plead facts which would toll the statute of limitations (G. S. 1935, 60-306, subsec. 3) but affirmatively did plead facts which showed that the bar of the statute and the equitable doctrine of laches did apply. Consequently defendant's demurrer to plaintiff's petition should have been sustained.

The judgment is reversed.

Hoch, J., not participating.

Allen, J., dissents.