No. 36,737

B. O. VINING, *Appellee,* v. ALTA LEDGERWOOD, *Appellant.*

(176 P. 2d 560)

Opinion filed January 25, 1947.

*Floyd A. Sloan,* of Topeka, argued the cause, and *E. R. Sloan, W. Glenn Hamilton* and *Eldon R. Sloan,* all of Topeka, were with him on the briefs for the appellant.

*David Prager,* of Topeka, argued the cause, and *Edward Rooney* and *Jacob A. Dickinson,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to compel specific performance of a contract for the sale of real estate. Judgment was for plaintiff. Defendant appeals.

The petition alleged that on March 13, 1946, defendant owned real property described as Lots 21, 23, 25 and 27 on Storey street in Sam Cross addition to the city of Topeka, which was also known as 135 and 139 Storey street, Topeka, Kan., and that she offered to sell it to plaintiff for $3,200—$1,400 cash and the assumption of a mortgage of $1,800; that a written memorandum was delivered to plaintiff signed by defendant, which memorandum was as follows:

"1,800.00 loan
1,400.00

—————————————
3,200.00
2,000.00 on 135 Storey
1,200.00 on 137 Storey
This is price list
the $1,800.00 is now
a loan at the
Topeka Bldg. Saving
I believe the building
& loan would be the
same as rent paying
off. Therefore the $1,400.00
would be the amount
paid for now.

(Signed)   MRS. H. T. LEDGERWOOD."

That thereafter on March 14, 1946, defendant agreed to furnish an abstract showing merchantable title in her and plaintiff accepted the offer and delivered to defendant his check for $100 as earnest money; that the defendant accepted the check and with the consent of the plaintiff endorsed this check as follows:

"Earnest money on 135 and 139 Storey street.   Sale price $3,200.00."

That the plaintiff was willing to perform his obligations under the contract and had tendered full performance but defendant refused to perform.

The prayer was for specific performance and for an accounting for rents and profits of the property from the time of the giving of the check.

The defendant's demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action was overruled.

The answer of defendant was first a general denial; the allegations then admitted that defendant was a part owner of the lots in question and averred that her husband was the owner of an undivided

one-half interest in the lots; that plaintiff delivered to her a check for $100; that there was endorsed thereon, "Earnest money on 135 and 139 Storey street. Sale price $3,200.00" as alleged in the petition and that at the same time there was also endorsed on the face of the check the words "If Mr. Ledgerwood agrees to sale." The answer specifically denied that the check was accepted by her as part of the purchase price of any real estate. The answer alleged that defendant had not cashed the check and it was tendered back to plaintiff.

The reply of plaintiff was a general denial.

At the start of the trial defendant objected to the introduction of any evidence for the reason that the petition failed to state facts sufficient to constitute a cause of action. This objection was overruled.

The trial court did not make any findings of fact or conclusions of law, but rendered judgment in favor of the plaintiff and against the defendant. Defendant's motion for a new trial was overruled and judgment entered in accordance with the findings.

Defendant argues here first that the memorandum pleaded was not sufficient compliance with the statute of frauds. That statute being G. S. 1935, 33-106, provides in part as follows:

"No action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized in writing."

Defendant argues that the memorandum pleaded does not disclose an agreement to sell; that the plaintiff's name does not appear any place on it and the description of the property is indefinite.

The plaintiff argues that the statute does not require that a contract for the sale of real estate be in writing but only that there be a sufficient memorandum signed by the party to be charged, tending to prove that a contract existed; that it is not required the memorandum consist of a single instrument but several separate writings may be construed together, though only one of them be signed, and that where there is more than one writing, they may be connected with each other by parol evidence and applied to the subject matter of the action.

There in no particular formality required about the writing to which the statute of frauds refers. What plaintiff seeks to enforce

is a contract of which he argues the two writings, that is, the one of March 13 and the check of April 1, constitute the memorandum.

In *Schneider v. Anderson,* 75 Kan. 11, 88 Pac. 525, the first writing was as follows:

There was also a warranty deed executed by Anderson to Schneider and placed in escrow. The defendant placed an encumbrance on the land and notified the plaintiff that he did not intend to carry out the contract. On a suit for specific performance the court held that the two writings were sufficient under the statute. It was said:

"The statute does not require that the contract shall consist of a single instrument. 'Several distinct and separate writings may be construed together as containing all the terms of the contract, though only one of them be signed by the party to be charged.' (29 A. & E. Encycl. of L. 850, 851, and cases cited. See, also, Pomeroy, Cont., 2d ed., §§ 84, 85, 91.) If from all of them the definite terms of a contract can be gathered it may be enforced notwithstanding the statute, provided the several writings relate to and are connected with the subject-matter of the contract so that they can fairly be said to constitute one transaction." (p. 14.)

Here there can be no doubt that the giving of the check with the endorsement as to it being for earnest money and the delivery of the first memorandum were part of the same transaction even though the deliveries happened on successive days. The two transactions were between the same parties and involved the same real estate.

*Nauman v. Powers,* 147 Kan. 641, 78 P. 2d. 27, involved a contract for the sale of growing walnut timber. The first written memorandum did not describe any land other than to state that the timber sold was located near Centropolis, Kan. This court examined that writing and a check given the same date which had an endorsement, "For first payment on all walnut timber in his grove south [of] Centropolis, Kansas." Also a letter written by defendant after he had decided to sell to plaintiff. The court said:

"From the petition it is clear that on the same day the memorandum denominated 'Contract for sale of walnut timber' was executed, and as a part

of the same transaction, plaintiff executed and delivered to defendant his check for $100, which the memorandum recites was to be paid that day. This check was made payable to defendant and recites that it is the first payment on all walnut timber 'in his grove south (of) Centropolis.' It is well settled that the memorandum, to be sufficient under the statute, may consist of two or more papers, and it is not essential that each of them be signed by the party to be charged, if the one signed refers to the other. (Restatement, Contracts, § 208 [b] [ii.] This is in accord with the authorities relied upon by appellant, above cited. There are many other authorities to the same effect." (p. 643.)

See, also, 49 Am. Jur., Statute of Frauds, § 394; *Searles v. Gonzalez*, 191 Cal. 426, 216 Pac. 1003; 28 A. L. R. 78; *Raubitschek v. Blank*, 80 N. Y. 478.

Restatement, Contracts, § 207, states the rule as follows:

"A memorandum, in order to make enforceable a contract within the Statute, may be any document or writing, formal or informal, signed by the party to be. charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty,

"(a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and

"(b) the land, goods or other subject-matter to which the contract relates, and

"(c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made."

The first essential, that is, the parties to be charged is readily ascertained from these two documents, Mrs. H. T. Ledgerwood, the seller, and B. O. Vining, the buyer. The subject matter, that is, the property to be sold, is just as readily ascertained from an examination of the two writings as 135 and 137 Storey street, in Topeka, Kan. It is true there is a slight discrepancy here since the first writing refers to 135 and 139. However, not even the defendant claims to have been misled by that. There never was any doubt in anyone's mind about what land was being sold.

The next element, that is, the purchase price, appears clearly to be $3,200.

The terms of sale—the assumption of a loan in the amount of $1,800 owing by the seller to the Topeka Building and Loan Association and the payment of $1,400—appear clearly enough.

Defendant next argues his motion for a new trial should have been sustained because the trial court erred in the admission of evidence. The first argument under that head is that no proper foundation was laid for the introduction in evidence of the memorandum of March

13, because it was not executed by both the parties. This is largely a repetition of the argument made on the other point. The name of the seller appears on one document and the name of the buyer upon the other. Only one could be introduced at a time and parol testi-mony was admissible to show the connection between the two writings and that they were both part of the same transaction. (See 49 Am. Jur., Statute of Frauds, § 322, also, *Blankinship v. Porter*, 142 Kan. 284, 47 P. 2d 72.)

Other errors urged by defendant have been examined and found to be without merit.

The judgment of the trial court is affirmed.